

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023 CIV-Hurley
Magistrate Lynch

R/S Associates, a Florida limited
partnership, and Dan Shooster,

       Plaintiffs

vs.

Bob Yari, Forum Arlington Properties, Ltd.,
and Alliance Management Co., LLC,

       Defendants

_____/

## DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW

COME NOW, the Defendants, Bob Yari, Forum Arlington Properties, Ltd. and Alliance Management Co., LLC, to file this limited appearance for purposes of contesting the Court's jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, Defendants state:

1.     The First Amended Complaint does not allege that the Defendants maintain continuous contacts in the Southern District of Florida. On the contrary, Plaintiffs admit that Bob Yari is an individual whose principal place of business is located in Los Angeles, California, that Forum Arlington Properties, Ltd. ("Forum") has its principal place of business is either in California or Texas and that Alliance Commercial Management (which is actually known as Alliance Management Co., LLC ("Alliance")) has its principal place of business in



either California or Arlington, Texas. First Amended Complaint for Injunctive, Declaratory and Compensatory Relief, at ¶¶3-4a ("First Amended Complaint").

2.     In the First Amended Complaint, Plaintiff alleges venue is proper in this District because the claim arose here and the parties met and entered into various agreements which form the background for this action here. First Amended Complaint, ¶6.

3.     Attached hereto as Exhibit A and incorporated herein by reference is the Affidavit of Bob Yari on behalf of himself and Defendants Forum and Alliance. As Mr. Yari's Affidavit makes clear, neither he, nor Forum or Alliance has any presence in or contact with the State of Florida.

4.     While Bob Yari acknowledges having visited the State of Florida to view a site in Pompano Beach, and to meet with Plaintiff, Dan Shooster, those activities are not, as a matter of law, sufficient to vest this Court with personal jurisdiction over the Defendants.

5.     Inasmuch as the Defendants have filed a motion and affidavit challenging the Court's jurisdiction over them, Plaintiffs now bear the burden of establishing that the Court has jurisdiction over Defendants.

6.     Defendants submit that Plaintiffs cannot establish the minimum contacts between Defendants and the State of Florida which are prerequisite to the exercise of jurisdiction over them.

WHEREFORE, Defendants, Bob Yari, Forum Arlington Properties, Ltd. and Alliance Management Co., LLC, respectfully request this Court to dismiss the First Amended

2

Complaint with prejudice for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(6).

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

When a federal court exercises diversity jurisdiction, it is bound by the same due process limitations on the exercise of jurisdiction over out of state defendants as are the courts of the forum state. Charlie Fowler Evangelistic Association, Inc. v. Cessna Aircrafters Co., 911 F.2d 1564, 1565 (11th Cir. 1990). Defendants must have and maintain certain "minimum contacts" with the State of Florida so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 456 (1940)). These minimum contacts cannot be accidental or fortuitous. Rather, the defendants must have availed themselves "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 472, 475 (1985) (quoting Hanson v. Denckla, 357 US 235, 253 (1958). Although the defendants need not be physically present in Florida, their efforts must have been "purposefully directed" toward residents of the State of Florida. Burger King, 471 U.S. at 475.

As the attached Affidavit makes clear, Defendants Yari, Forum and Alliance do not have minimum contacts with the State of Florida. Although Mr. Yari traveled to Florida first to view a site in Pompano Beach and then to meet with Mr. Shooster, those trips are not sufficient to establish jurisdiction over the Defendant's person. Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1113 (11th Cir. 1990). The existence of a contractual relationship between the non-resident

Defendants and the Plaintiff is not sufficient to meet due process requirements.  <u>Jet Charter Service</u>, 907 F.2d at 1113.  Rather, the Defendants' conduct in connection with the State of Florida had to be such that the Defendants reasonably should have anticipated being called into court here.

The random, fortuitous and attenuated contacts admitted in the Affidavit of Mr. Yari are not such that the Defendant could have anticipated being subject to personal jurisdiction in a court in Florida.  <u>Jet Charter Service</u>, 907 F.2d at 1113, citing <u>Burger King</u>, 471 U.S. at 462.  The alleged contract between the Plaintiffs and Defendants in this case was to have been executed in Texas.  <u>See</u> First Amended Complaint, ¶15 (the consulting services provided by Plaintiff concerned a mall in the Arlington, Texas area); ¶11 ("the Defendants proposed that the Festival Flea Market concept be applied to a shopping center which the Defendants' operated in the Arlington, Texas, area.")

As a matter of law, it would violate traditional notions of due process for the Defendant to be required to defend a suit here.  Accordingly, the First Amended Complaint should be dismissed for lack of jurisdiction over the Defendants.

[CERTIFICATE OF SERVICE APPEARS ON THE FOLLOWING PAGE]

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument has been furnished by

U.S. mail to Keith A. Goldbaum, Esquire, Friedman, Rosenwasser & Goldbaum, P.A., 5355

Town Center Road, Suite 801, Boca Raton, Florida 33486, this ___ day of February, 2000.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida  33401
Telephone:  (561) 686-3307
Facsimile:  (561) 686-5442
E-mail:     ejames@nygwl.com
Attorneys for Defendant
Florida Bar No.: 791709

By: _____
FOR ELAINE JOHNSON JAMES

H:\6074\13057\PMotionToDismissFirstAmendedComplaint.EJJ/co

5

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023 CIV-Hurley
Magistrate Lynch

R/S Associates, a Florida limited
partnership, and Dan Shooster,

     Plaintiffs

vs.

Bob Yari, and Forum Arlington
Properties, Ltd., and Alliance Management Co., LLC

     Defendants

_____/

## AFFIDAVIT OF BOB YARI

STATE OF CALIFORNIA      )
                       ) SS:
COUNTY OF LOS ANGELES    )

Bob Yari, being duly sworn according to law deposes and says:

1.     I am over the age of 21 years and otherwise competent to complete this affidavit.

2.     I am the president of Forum General Inc., a Texas corporation.

3.     Forum General Inc. is the general partner of the Defendant, Forum Arlington Properties, Ltd.

4.     Forum Arlington Partners, Ltd. is a registered Texas partnership, which is involved in the business of real estate and does not own any property outside of the State of Texas.

**Exhibit "A"**

5.     I am a member of Defendant, Alliance Management Co., LLC, which is a California limited liability corporation.

6.     I reside in the State of California.

7.     Neither I, nor Forum Arlington Properties, Ltd., or Alliance Management Co., LLC: owns or has owned real property in the State of Florida; has or has had a bank account in the State of Florida; does or has done business in the State of Florida; provides or has provided services in the State of Florida; sells or has sold goods in the State of Florida; has or has had a registered agent in the State of Florida; has or has had an office in the State of Florida; has or has had a sales agent in the State of Florida; or directs or has directed any activity to the State of Florida.

8.     I have attended two or three meetings in Florida. For example, on December 15, 1995, I visited the Festival Flea Market in Pompano Beach, Florida, and met with the Plaintiff, Dan Shooster, and on October 2, 1997 I met with a banker from Houston, Texas who was contemplating whether to finance the construction in Dallas, Texas, of a flea market similar to the Festival Flea Market.

9.     While in Florida, I did not negotiate a contract, and I did not sign any documents .

10.     The documents that are attached as exhibits to the Amended Complaint, which bear my signature, were signed in California and sent by facsimile to Dan Shooster in Pompano Beach, Florida.

11.     The joint venture referred to in Exhibit B to the Amended Complaint was to take place in Dallas, Texas. No business of the joint venture was to be done in Florida.

12.     By filing this Affidavit, I am not submitting either myself, Alliance Management Co., LLC or Forum Arlington Properties, Ltd., to the jurisdiction of the United States District Court for the Southern District of Florida. Rather, this Affidavit is submitted exclusively for the purpose of challenging the Court's personal jurisdiction over the Defendants.

2

13.    The foregoing statements are true, and they are based upon my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Bob Yari

SWORN TO AND SUBSCRIBED before me this ____ day of _FEB._____, 2000, by

Bob Yari, (X) who is personally known to me ~~OR~~ (   ) ~~who produced~~ _____

_____ ~~as identification.~~

RANIESHA JONES
Commission # 1226751
Notary Public - California
Los Angeles County
My Comm. Expires Jun 28, 2003

_____
Notary Signature

Raniesha Jones
Print Notary Name

NOTARY PUBLIC
State of California at Large

My Commission Expires:

H:\6074\13057\PAffidavitYari.EJJ/c

3