UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6023-CIV-HURLEY

R/S ASSOCIATES, a Florida limited
partnership, and DAN SHOOSTER,

Plaintiffs,

vs.

BOB YARI, FORUM ARLINGTON
PROPERTIES, LTD., and ALLIANCE
COMMERCIAL MANAGEMENT,

Defendants.
_____/



### ORDER DENYING IN PART AND GRANTING
### IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the court upon the defendants' motion to dismiss plaintiffs' first amended complaint for lack of personal jurisdiction. Upon review of the motion, relevant case law, and the record evidence viewed in the light most favorable to the plaintiffs, defendants' motion will be denied in part and granted in part.

### I. FACTUAL BACKGROUND

R/S Associates operates the Festival Flee Market, a combination of a flea market and a traditional mall, in Pompano Beach, Florida. In 1997 and 1998, Bob Yari and agents from Forum Arlington Properties[1] met with plaintiffs[2] and proposed expanding the festival flea market concept

---

[1]Bob Yari is an individual with his principal place of business in Los Angeles, California. Forum Arlington Properties and Alliance Commercial Management are businesses with their



Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

to other locations, specifically Arlington, Texas. Plaintiffs and defendants ultimately decided that plaintiffs would provide advice and expertise to defendants on how to create a festival flea market concept similar to the one in Pompano Beach. On November 2, 1998, Forum Arlington, through Yari, sent a letter to Shooster, agreeing to pay Shooster $50,000.00 for organizing marketing efforts. Forum Arlington sent another letter to Shooster on March 5, 1998, agreeing to pay him $100,000 for consulting services regarding a mall in Arlington, Texas. Shooster has provided all goods and services related to the letters, but has not received payment. In addition, plaintiffs and defendants unsuccessfully attempted to negotiate a joint venture agreement for the Arlington mall.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd.*

---

principal place of business in either Los Angeles, California, or Arlington, Texas.

[2] R/S Associates is a Florida limited partnership with its principal place of business in Pompano Beach, Florida. Dan Shooster is an individual with his principal place of business in Pompano Beach, Florida.

2

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

*of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Plaintiffs' complaint alleges that defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114 and unfair competition in violation of 15 U.S.C. § 1125 (a). Plaintiffs further assert that defendants' breached their contract with plaintiffs. Defendants move to dismiss the complaint arguing that the court lacks personal jurisdiction over them because the plaintiff fails to establish that defendants have sufficient contacts with the state of Florida.

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a *prima facie* case of jurisdiction over the nonresident defendant. *See Walter v. Blue Coss & Blue Shield United*, 181 F.3d 1198, 1203 (11th Cir. 1999). When considering whether a plaintiff has established a *prima facie* case, the court "must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits. Where the parties' affidavit and deposition conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

Evaluating a challenge to personal jurisdiction by a nonresident defendant is a two step process. First, the district court must consider the jurisdictional question under the state long-arm

3

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

statute.[3] *See Cable/Home Communication*, 902 F.2d at 855. If there is a basis for the assertion of personal jurisdiction under the long-arm statute, the court next determines whether the quantity and/or quality of the contacts between the defendant and the forum state satisfy the requirements of the Due Process Clause. *Sculptchair, Inc. v. Century Arts, Ltd.* 94 F.3d 623, 626 (11th Cir. 1996).

In determining the limits of due process on the reach of a state long-arm statute, a district court must examine whether the defendant has established minimum contacts with the forum state, such that it "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Once it has been decided that a defendant purposefully established minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

---

[3] The Florida long-arm statute provides in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself of herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (g) Breaching a contract in this state by failing to performed acts required by the contract to be performed in this state.

*Fla. Stat.* 48.193(1)(g).

4

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

Florida Statute section 48.193 (1)(g) allows a court to exercise personal jurisdiction over a nonresident defendant when the cause of action arises out of a breach of contract resulting from the nonresident defendant's failure to perform acts within the state that are required by the contract. Plaintiffs' assert that they had a contract with Yari and Forum Arlington where plaintiffs would provide various expertise on how to create a festival flea market concept in exchange for compensation. Plaintiff Shooster has provided all goods and services but defendants have not paid in accordance with the contract. This is enough to bring this action within Florida's long-arm statute. *See Industrial Casualty Ins. Co. v. Consultant Associates Inc.*, 603 So.2d 1355, 1357 (Fla. 3rd DCA 1992) (finding that complaint which alleged that defendant breached contract in Florida by failing to pay plaintiff for services rendered brought action within Florida's long-arm statute).

Next, the court must determine whether defendants have sufficient minimum contacts with Florida to satisfy due process. The minimum contacts test examines the number and nature of a defendant's contacts with the forum. In general when the cause of action "arises out or relates to" those contacts, a court may properly assert personal jurisdiction, even if those contacts are "isolated or sporadic." *Burger King*, 471 U.S. 472-73. "The constitutional touchstone of the minimum contact analysis is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Industrial Casualty*, 603 So.2d at 1357. In the present case, Yari and agents of Forum Arlington visited Shooster, R/S Associates, and the festival flea market in Pompano Beach, Florida, numerous times from 1995 through 1998. During

5

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

these visits the parties discussed expanding the concept of the festival flea market to other areas including Arlington, Texas. Defendants contend that most of the negotiations were conducted via the telephone and facsimile, that the contract was not signed in Florida, and that the services of the contract were to be performed in Texas. They further assert that these contacts are random, fortuitous and attenuated, and thus are insufficient to subject them to jurisdiction in Florida. *See Jet Charter Service, Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990) ("Random, fortuitous or attenuated contacts, or contacts produced through the unilateral activity of a third person are insufficient to reasonably indicate to the defendant that he should anticipate being subject to personal jurisdiction of the forum state's courts.")

Defendants actions however were not random, fortuitous or attenuated. Defendant Yari contacted plaintiffs in Florida for the purpose of discussing and reaching an agreement regarding the concept of the festival flea market. Defendants met with plaintiffs six times in Florida concerning the expansion and toured the Pompano Beach facility. Furthermore, defendants negotiated over the phone with plaintiffs, who were in Florida. In addition plaintiffs produced an video in Florida for the defendants, and defendants solicited clients at the Pompano Beach Mall. As such, the court finds that Yari and Forum Arlington have sufficient minimum contacts to support the exercise of personal jurisdiction and will next consider if exercising jurisdiction comports with traditional notions of fair play and substantial justice.[4]

---

[4] Since plaintiffs have not alleged any facts under which the court could exercise personal jurisdiction over defendant Alliance Management Company, defendants' motion will be granted

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

In determining whether the exercise of personal jurisdiction over a nonresident defendant comports with fair pay and substantial justice, courts generally consider the following factors: the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Sculptchair*, 94 F.3d at 631. Considering all of these factors, the court finds that asserting personal jurisdiction over Yari and Forum Arlington will not offend traditional notions of fair play and substantial justice. Due to modern methods of transportation and communication, Yari and Forum Arlington will not be unreasonably burdened by defending the suit in Florida. Further, Florida has an interest in preventing nonresident defendants from avoiding payment of contracts and infringing on trademarks registered to state residents. Finally, the court finds that Florida and plaintiffs have significant interest in adjudicating this dispute in Florida. Thus, it would not offend traditional notions of fair play and substantial justice to force Yari and Forum Arlington to defend this lawsuit in Florida.

Accordingly, it is hereby,

**ORDERED** and **ADJUDGED**:

(1)     Defendants' motion to dismiss [DE # 11] is **DENIED** as to defendants Bob Yari and Forum Arlington Properties, Ltd. and **GRANTED** as to Alliance Management Company.

(2)     Plaintiffs' motion for an evidentiary hearing [DE # 12] is **DENIED**.

---

as to them.

7

Case No.: 00-6023-CIV-HURLEY
Order denying in part and granting in part defendants' motion to dismiss

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___10th___ day of April, 2000.

                                                                                    Daniel T.K. Hurley
                                                                                    United States District Judge

copies furnished to:

Elaine Johnson James, Esq.
Keith A. Goldbaum, Esq.

Case 0:00-cv-06023-DTKH    Document 25    Entered on FLSD Docket 04/11/2000    Page 8 of 8