UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023 CIV-Hurley
Magistrate Lynch

CLERK, USDC / SDFL / WPB

R/S ASSOCIATES, A FLORIDA LIMITED
PARTNERSHIP, AND DAN SHOOSTER,

        Plaintiffs/Counterdefendants

vs.

BOB YARI, AND FORUM ARLINGTON
PROPERTIES, LTD.,

        Defendants/Counterplaintiffs

_____/

**DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT FOR
INJUNCTIVE , DECLARATORY AND
COMPENSATORY RELIEF, AND
DEFENDANTS/COUNTER-
PLAINTIFFS' COUNTERCLAIMS
AND DEFENSES**

## ANSWER

By their undersigned attorneys, Defendants, Bob Yari ("Yari") and Forum Arlington Properties, Ltd. ("Forum"), collectively referred to as "Defendants," respond to the correspondingly numbered paragraphs of the First Amended Complaint for Injunctive, Declaratory and Compensatory Relief as follows:

### THE PARTIES

1.     Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

2.     Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

3.     Admitted.



Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

4.      Admitted.

4a.     Inasmuch as Alliance Management Co., LLC has been dismissed as a Defendant from this cause, no response is required to this allegation.

## JURISDICTION AND VENUE

5.      Admitted.

6.      Denied.

## BACKGROUND

7.      Defendants have no personal knowledge as to the veracity of this statement.  It is therefore denied.

8.      Defendants have no personal knowledge as to the veracity of this statement.  It is therefore denied.

9.      Defendants have no personal knowledge as to the veracity of this statement.  It is therefore denied.

10.     Admitted in part and denied in part.  Defendants admit that the Defendants and Plaintiff, Dan Shooster, had a series of meetings in 1997 and 1998.  The remainder of this allegation is denied.

11.     Denied.

12.     Admitted in part and denied in part.  Defendants admit only that they and Plaintiff, Dan Shooster, had numerous discussions concerning a joint venture relationship for the benefit of Dan Shooster and the Defendants.  The remainder of this allegation is denied.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

13.    Admitted in part and denied in part.  Defendants admit only that they and Dan Shooster agreed that Dan Shooster would provide various expertise to the Defendants on how to create in Texas a Festival Flea Market concept like the one in Pompano Beach, Florida in exchange for certain compensation.  The remainder of this statement is denied.

14.    Admitted in part and denied in part.  Defendants admit only that they agreed to pay $50,000, $49,000 of which was for production costs for new advertisements and $1,000 of which was for the continuation of a logo license, that Exhibit A is a letter dated November 2, 1998, from Forum to Dan Shooster, and that the sums referred to in the letter have not been paid.  Defendants deny that Dan Shooster provided the services, specifically, organizing various marketing efforts, which were prerequisite to Dan Shooster's entitlement to payment.

15.    Admitted in part and denied in part.  Defendants admit that the text of Exhibit B is accurate, but deny that the handwritten notations on Exhibit B are on the original letter. Defendants admit that the sum of $100,000 has not been paid to Shooster.  Defendants deny that Shooster provided the services which were prerequisite to his right to receive the payment of $100,000, and Defendants deny that the mall at Arlington, Texas has begun to generate positive cash flows.

16.    Denied.

17.    Admitted in part and denied in part.  Defendants admit only that the property is operational.  The remainder of this allegation is denied.

18.    Admitted in part and denied in part.  Defendants admit only that they continued to negotiate to try to enter into a joint venture agreement with Dan Shooster and that no joint

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

venture agreement was reached between Defendants and Dan Shooster. The remainder of this allegation is denied.

19.    Admitted.

20.    Admitted.

21.    Admitted in part and denied in part. Defendants admit only that they have not paid Dan Shooster $100,000, nor have they paid him $50,000. Defendants deny that they owe Dan Shooster the sums of $100,000 and $50,000, and Defendants deny that they owe $50,000 to Plaintiff R/S.

22.    Denied.

23.    Admitted in part and denied in part. Defendants admit that they currently have no authority to use Dan Shooster's trademarks, trade name or trade dress. Defendants are without knowledge as to the meaning of "other items of Plaintiffs." The allegation regarding such other items is therefore denied.

23a.    Inasmuch as Alliance Management Co., LLC has been dismissed as a Defendant from this cause, no response is required to this allegation.

## COUNT I
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

24.    Defendants incorporate by reference their responses to 1 through 23a of the First Amended Complaint as if they were set forth in full herein at length.

25.    Defendants have no independent knowledge of the veracity of this allegation. It is therefore denied.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

26.    Admitted in part and denied in part.  Defendants admit only that they were barred from such use on and after November 8, 1999.  The remainder of this allegation is denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

## COUNT II
## BREACH OF CONTRACT

31.    Defendants incorporate by reference their responses to 1 through 23a of the First Amended Complaint as if they were set forth in full herein at length.

32.    Denied.

33.    Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the First Amended Complaint, that the Court award the Defendants the attorneys' fees and costs incurred in the defense of this matter and that the Court enter such other relief as it deems appropriate.

## COUNTERCLAIMS

Come now the Defendants/Counterplaintiffs, Bob Yari and Forum Arlington Properties, Ltd., to counterclaim against the Plaintiff/Counterdefendant, Dan Shooster, stating:

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

## THE PARTIES

1.     Defendant/Counterplaintiff Bob Yari ("Yari") is an individual who resides and has his principal place of business in the State of California.

2.     Defendant/Counterplaintiff Forum Arlington Properties, Ltd. ("Forum") is a registered Texas partnership, which does business in the State of Texas.

3.     Yari is the President of Forum General, Inc., a Texas corporation, which is the general partner of Defendant/Counterplaintiff, Forum.

4.     At all times material hereto, Yari has owned an interest in Forum.

5.     Defendants/Counterplaintiffs, Yari and Forum, are engaged in the business of real estate development.

6.     Defendants/Counterplaintiffs, Yari and Forum, do not do business in Florida.

7.     Upon information and relief. Plaintiff/Counterdefendant Dan Shooster ("Shooster"), is an individual, who does business in Pompano Beach, Broward County, Florida at the Festival Flea Market Mall.

## JURISDICTION

8.     This Court has ancillary jurisdiction over the subject matter of Defendants' compulsory counterclaims, pursuant to 28 U.S.C. § 1367.

## FACTS

9.     Circa 1995, Forum purchased real property in Arlington, Texas, in order to develop a discount outlet mall.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

10.    In 1995, Shooster made contact with Yari through David Morgan, a real estate developer in Texas.

11.    At Shooster's request, in 1995, Yari, who was in California, telephoned Shooster in Pompano Beach, Florida to introduce himself.

12.    Shooster advised Yari that he had asked David Morgan to put him in contact with Yari, so they could discuss the possibility of a business venture between Yari and Shooster.

13.    During their conversation in 1995, Shooster informed Yari that he owned the Festival Flea Market Mall in Pompano Beach, Florida (hereinafter "Festival Florida") and that he had tried unsuccessfully to buy Forum's site in Arlington, Texas to develop a flea market mall.

14.    In 1995, Shooster told Yari that he would like to be a partner in Forum's redevelopment project in Texas and that he thought the site would be ideal for the development of a "Festival Flea Market Mall" concept.

15.    Shooster invited Yari to travel to Pompano Beach, Florida to visit Festival Florida, which he described as a prototype for the redevelopment of the property in Texas that was owned by Forum.

16.    At Shooster's invitation, Yari traveled to Pompano Beach, Florida in December 1995 to Festival Florida.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

### Shooster's Promises to Lend His Expertise and the Defendants' Reliance Thereon

17.    Beginning in December 1995 and continuing through 1998, Shooster repeatedly represented to Yari and Forum that he desired an ownership interest in the Texas Mall and that he would be willing to lend his expertise to the development of a "Festival Flea Market Mall" in Texas.

18.    Shooster promised to oversee, market, supervise and guide the development and operation of the Texas Mall, in order to create a "Festival Flea Market Mall" concept there.

19.    When Yari met Shooster, Yari and Forum had no experience in the development or operation of flea markets and/or flea market malls.

20.    Prior to Yari's conversations and  meeting with Shooster, Yari and Forum had never contemplated developing a flea market mall.

21.    Yari and Forum agreed to develop the Texas Mall as a flea market mall in reliance upon Shooster's promise to oversee, market, supervise and guide the development and operation of the mall.

22.    Yari anticipated that, while the Texas Mall was being developed, Shooster would spend three (3) or four (4) days each week in Arlington, Texas and that Shooster would maintain a significant presence at the Texas Mall after it became operational.

23.    Dan Shooster failed to oversee, market, supervise and guide the development and operation of the Texas Mall.

24.    Forum began construction of the Texas Mall in 1997.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

25.    Shooster represented to Yari and Forum that his wife, Leslee Shooster, had great experience in the flea market mall business and that her services would be beneficial to the development of the Texas Mall.

26.    In reliance upon Shooster's statements concerning the abilities of Leslee Shooster, Yari and Forum permitted Leslee Shooster to visit the Texas Mall in 1998 and to bring with her several tenants from Festival Florida.

27.    While in Texas, Leslee Shooster rearranged the booth locations at the Texas Mall, taking prime positions from local tenants and giving them to the tenants of the Festival Florida, who preleased space at the Texas Mall.

28.    A few weeks after Leslee Shooster left Texas in March of 1998, the Festival Florida tenants who had preleased space in the Texas Mall contacted Forum and indicated that they could not lease space in the Texas Mall because Dan and Leslee Shooster had threatened to evict them from Festival Florida if they leased space at the Texas Mall.

29.    All but one of the Festival Florida tenants who had preleased space in the Texas Mall refused to honor their preleasing agreements

30.    By letter dated March 5, 1998, from Yari and Forum to Shooster,[1] Festival Marketplace, Ltd. agreed to pay Shooster $100,000 for his consulting services at the Texas Mall during the Spring of 1998, with such payment being due after the Texas Mall was operational and generating a positive cash flow.

---

[1]    This letter will be filed of record as soon as it is received by Defendants' counsel.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

31.    Yari and Forum were intended beneficiaries of the aforesaid contract between Shooster and Festival Marketplace, Ltd.

32.    Having made only one trip to the Texas Mall between March 5, 1998 and June 5, 1998, Shooster did not provide the consulting services that were prerequisite to his entitlement to receive $100,000.

33.    The Texas Mall, which is now known as the Festival Discount Mall, is operational, but it is not profitable.

### Shooster's Promises to Purchase an Interest in Forum and Yari's Reliance Thereon

34.    Continuously from 1995 through 1998, Yari and Shooster discussed the development of a joint venture, whereby Shooster would own an interest in Forum and thus would own an interest in the Texas Mall.

35.    In December of 1995, Yari's limited partners in Forum were Ebby Jebreel and Camm Mateem.

36.    Beginning in December 1995 and continuing until November of 1998, during their telephone conversations and their meetings in Florida and Texas, Shooster repeatedly expressed his desire to purchase the interests of Mr. Jebreel and Mr. Mateem in Forum.

37.    Yari purchased Mr. Jebreel's and Mr. Mateem's interests in Forum for $2,000,000 so that Shooster would purchase those interests from Yari.

38.    By letter dated November 2, 1998, Shooster refused to buy the interests of Mr. Jebreel and Mr. Mateem in Forum which Yari had purchased solely in order to be able to transfer them to Mr. Shooster.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

39.    Defendants have retained the undersigned attorneys to represent them in this cause and have agreed to pay the attorneys a reasonable fee for their services.

**COUNT I**
**BREACH OF CONTRACT**

40.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of their Counterclaims as though set forth in full herein at length.

41.    Shooster contracted with the Forum Marketplace, Ltd. to provide on-site consulting services for three months, commencing March 5, 1998, through the period of time when the Texas Mall opened and became stable.

42.    Shooster failed to provide the consulting services for which Festival Marketplace, Ltd. contracted and of which Yari and Forum were the intended beneficiaries.

43.    Yari and Forum were damaged by Shooster's breach of his agreement to provide consulting services.

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster, to award Defendants the compensatory, incidental and other damages suffered by Defendants owing to Plaintiff's breach of contract, plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

**COUNT II**
**INTENTIONAL INTERFERENCE WITH**
**ADVANTAGEOUS CONTRACTUAL RELATIONSHIPS**

44.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of their Counterclaims as though set forth in full herein at length.

11

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

45.    Forum's preleasing commitments with Festival Florida tenants were advantageous business relationships.

46.    Dan Shooster interfered with those advantageous business relationships by threatening the tenants with eviction from Festival Florida, if they did not break their preleasing commitments to the Texas Mall.

47.    Dan Shooster knew that Forum's preleasing commitments with the Festival Florida were advantageous to Forum.

48.    Yari and Forum were damaged by Dan Shooster's intentional interference with their advantageous contractual relationships.

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster, to award Defendants the compensatory, incidental and other damages suffered by Defendants owing to Plaintiff's intentional interference with advantageous contractual relations, plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

### COUNT III
### FRAUD

49.    Yari incorporates herein by reference paragraphs 1 through 38 of his Counterclaims as though set forth in full herein at length.

50.    Shooster falsely promised Yari that he would purchase Messrs. Jebreel's and Mateem's interests in Forum if they became available.

51.    Shooster knew, or under the circumstances should have known, that his statements were false when he made them.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

52.    Shooster made these false statements intending for Yari to rely on them.

53.    Yari purchased Messrs. Jebreel's and Mateem's interests in Forum in reliance upon Shooster's false statements.

54.    Yari was damaged by his acting in reliance on Shooster's statements.

WHEREFORE, Yari respectfully requests the Court to enter judgment in his favor and against Plaintiff, Dan Shooster for fraud, to award Yari damages that restore him to the position he would have enjoyed but for Shooster's fraud plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

**COUNT IV**
**FRAUD**

55.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of their Counterclaims as though set forth in full herein at length.

56.    Shooster falsely promised Yari and Forum that, if developed the Texas Mall into a flea market mall, he would to oversee, market, supervise and guide the development and operation of the mall.

57.    Shooster knew, or under the circumstances should have known, his promises were false when he made them.

58.    Shooster intended for Yari and Forum to rely on his promises.

59.    Yari and Forum relied on Shooster's promise to oversee, market, supervise and guide the development and operation of the mall.

60.    Yari and Forum were damaged by their reliance on Shooster's promises.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

WHEREFORE, Yari and Forum respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster for fraud, to award them damages that restore them to the position they would have enjoyed but for Shooster's fraud plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

### DEFENSES

1.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against Defendants Yari and Forum.

2.    This Court lacks personal jurisdiction over Defendants Yari and Forum.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument has been furnished by U.S. mail to Keith A. Goldbaum, Esquire, Friedman, Rosenwasser & Goldbaum, P.A., 5355 Town Center Road, Suite 801, Boca Raton, Florida 33486, this 1st day of May, 2000.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida  33401
Telephone:  (561) 686-3307
Facsimile:   (561) 686-5442
E-mail:      ejames@nygwl.com
Attorneys for Defendants/Counterplaintiffs
Florida Bar No.:  791709

By: _Elaine Johnson James_
/ ELAINE JOHNSON JAMES

H:\6074\13057\PDefendantsAnswerToFirstAmendedComplaintEtc.EJJ/o

14