UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023 CIV HURLEY

R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER

       Plaintiff

vs.

ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD. AND
ALLIANCE COMMERCIAL MANAGEMENT,

       Defendants

_____/

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AGAINST FORUM ARLINGTON PROPERTIES, LTD. AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster, by and through their undersigned counsel, and for their Motion for Judgment on the Pleadings Against Forum Arlington Properties Ltd. and Incorporated Memorandum of Law would state as follows:

1.    On or about May 16, 2000, Plaintiffs propounded a Request to Admit upon Defendants Forum Arlington Properties, Ltd. (hereinafter "Forum"), a copy of same being attached hereto as Exhibit "A".

2.    On or about June 19, 2000, Forum responded to said Request to Admit by admitting each of the three allegations contained in Plaintiff's May 16, 2000 Request to Admit as is more clearly evidenced by Defendant's Response to Plaintiffs' Request to Admit, a copy fo which is attached hereto as Exhibit "B".

3.    In Plaintiffs' First Amended Complaint (a copy of which is attached hereto as Exhibit "C"), Plaintiffs allege, among other things, that:

> **"Defendants have no authority to use the trademarks, tradenames, trade dress or other items of the Plaintiffs at this time"**. (see paragraph 23).

4.    Attached hereto as Exhibit "D" is a copy of Defendants' Answer to First Amended Complaint including Arlington's response to Plaintiffs' allegations that Arlington has no authority to use Dan Shooster's trademarks, tradenames or trade dress:

> **"Admit that they currently have no authority to use Dan Shooster's trademarks, tradenames or trade dress"**. (See paragraph 23).

5.    <u>**In conclusion, Arlington has now in fact admitted that they had no authority to use the Plaintiffs' trademarks, tradenames and trade dress and that they, in fact, have and are currently using Plaintiffs' trademarks, tradenames and trade dress**</u>.

6.    Clearly, this is a violation of 15 U.S.C. §1114 and 15 U.S.C.§ 1125(a). This clear violation of the law can be evidenced by doing no more than reviewing the enclosed pleadings without the need to take testimony by this Honorable Court.

7.    F.R.C.P. 12(c) provides:

> **"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."**

8.    In the aforedescribed case, Plaintiffs are entitled to a partial judgment on the pleadings and the granting of its injunction against Defendant Forum wherein Forum is prohibited from using the tradenames, trademarks or trade dress of Plaintiffs in any

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

way.

WHEREFORE, Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster, pray this Honorable Grant their Motion for Partial Judgment on the Pleadings Against Forum Arlington Properties, Ltd., and/or order such other or further relief as this Honorable Court deems just and proper.

I HEREBY CERTIFY a copy of the foregoing has been forwarded via first class mail to Elaine Johnson James, Esquire, Nason, Yeager, Gerson, White & Lioce, P.A.,1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Fl 33401 this ⟨28⟩ day of ⟨June⟩, 2000.

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.
Attorneys for Plaintiffs
5355 Town Center Road #801
Boca Raton, Florida 33486
Tel: (561) 395-5511
Fax: (561) 368-9274


by: _____
    KEITH A. GOLDBAUM, ESQUIRE
    FBN 0475637

9Shooster\Mjudgment\6-26-2000\kag5ds        3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023 CIV HURLEY

R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER

      Plaintiff

vs.

ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD. AND
ALLIANCE COMMERCIAL MANAGEMENT,

      Defendants

_____/

## PLAINTIFFS' REQUEST TO ADMIT TO DEFENDANT FORUM ARLINGTON PROPERTIES, INC.

COME NOW the Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan SHOOSTER (hereinafter "Plaintiffs"), by and through their undersigned attorneys, and submit the following Requests for Admissions to be answered by Defendant, Forum Arlington Properties, Inc. (hereinafter "Defendant"), in writing and under oath, within thirty (30) days from date of service hereof.

The information sought must be given, whether secured by you, your agent, your attorney, or any other person who has made this knowledge known to you, or from whom you can get this information, and who is competent to testify as to the facts stated.

These Requests for Admissions shall be deemed continuing, and supplemental answers thereto shall be required immediately upon receipt thereof, should the Defendant directly or indirectly obtain further or different information from the time the answers are served to the time of trial.

1.   Admit that you used one or more of Plaintiffs' trademarks or trade names from a period of January 7, 2000 through May 7, 2000.

61Shooster\Forum.RA\5-16-2000\kag5ds



EXHIBIT _A_

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

2.  Admit that you are presently using one or more of the trademarks or trade names that belong to the Plaintiff.

3.  Admit that you used one or more of Plaintiffs' trademarks or trade names from January 7, 1999 through January 6, 2000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing has been forwarded via facsimile and first class mail to Elaine Johnson James, Esquire, 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Fl 33401 this _16_ day of _May_____, 2000.

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.
Attorneys for Plaintiffs
5355 Town Center Road #801
Boca Raton, Florida 33486
Tel: (561) 395-5511
Fax: (561) 368-9274

by: _____
KEITH A. GOLDBAUM, ESQUIRE
FBN 0475637

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023 CIV-Hurley
Magistrate Lynch

R/S ASSOCIATES, A FLORIDA LIMITED
PARTNERSHIP, AND DAN SHOOSTER,

      Plaintiffs/Counterdefendants          **FORUM ARLINGTON PROPERTIES,
                                          LTD.'S RESPONSE  TO PLAINTIFFS'
                                          REQUEST TO ADMIT**

vs.

BOB YARI, AND FORUM ARLINGTON
PROPERTIES, LTD.,
      Defendants/Counterplaintiffs
_____/

      By their undersigned attorneys. Defendant. Forum Arlington Properties, Ltd.,
responds to the correspondingly numbered requests to admit as follows:

1. Admitted.

2. Admitted.

3. Admitted.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing instrument has been furnished by
facsimile and U.S. mail to Keith A. Goldbaum. Esquire. Friedman, Rosenwasser & Goldbaum,
P.A., 5355 Town Center Road, Suite 801, Boca Raton, Florida 33486, this 19th day of June,
2000.



EXHIBIT _B_

Forum's Response to Request to Admit
Case No. 00-6023 CIV-Hurley

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida  33401
Telephone:   (561) 686-3307
Facsimile:    (561) 686-5442
E-mail:       ejames@nygwl.com
Attorneys for Defendants/Counterplaintiffs
Florida Bar No.:  791709


By: _Elaine Johnson James_____
ELAINE JOHNSON JAMES

H:\6074\13057\PYanresponserequestadmit06-15-00.doc

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023 CIV HURLEY

R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER

     Plaintiff

vs.

ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD. AND
ALLIANCE COMMERCIAL MANAGEMENT,

     Defendants
_____/



### FIRST AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND COMPENSATORY RELIEF

COME NOW the Plaintiffs, R/S Associates, a Florida limited partnership (hereinafter "R/S") and Dan Shooster (hereinafter "Shooster") (sometimes jointly referred to as "Plaintiffs"), by and through their undersigned counsel, and for their First Amended Complaint against Robert Yari (hereinafter sometimes referred as "Yari"), Forum Arlington Properties, Ltd. (hereinafter sometimes referred to as "Forum") and Alliance Commercial Management ("Alliance) ("Yari","Forum" and "Alliance" hereinafter sometimes referred to as "Defendants") would state as follows:

### THE PARTIES

1.   Plaintiff Shooster is an individual with his principal place of business located at 2900 West Sample Road, Pompano Beach, Broward County, Florida 33073.

2.   Plaintiff R/S Associates is a Florida Limited Partnership with its principal place of business located at 2900 West Sample



Road, Pompano Beach, Broward County, Florida 30073.

3.    Defendant Yari is an individual with his principal place of business located at 10850 Wilshire Boulevard, Suite 1050, Los Angeles, California 90024.

4.    Defendant Forum is a business with its principal places of business located at 10850 Wilshire Boulevard Suite 1050, Los Angeles, California 90024 and/or 2900 East Pioneer Parkway, Suite 615, Arlington, Texas 76010.

4a.    Defendant Alliance is a business with its principal places of business located at 10850 Wilshire Boulevard Suite 1050, Los Angeles, California 90024 and/or 2900 East Pioneer Parkway, Suite 615, Arlington, Texas 76010.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338 and 15 U.S.C. § 1121, because this action arises under 15 U.S.C. § 1114 and § 1125(a).    This Court has jurisdiction over Plaintiffs' state-law claims under the doctrine of pendent jurisdiction.

6.    Venue in this action lies in the Southern District of Florida under the provisions of 28 U.S.C. § 1391(b) as this is the jurisdiction wherein the claims arose and wherein the parties met and entered into various agreements which form the background for this action.

**Background**

7.    Shooster is a executive in R/S.

8.    R/S operates the "Festival Flea Market" which is located

2

at 2900 West Sample Road, Pompano Beach, Florida.

9.    The Festival Flea Market, when originally created, was a unique blend between a flea market and a traditional mall or shopping center which previously did not exist elsewhere in the business world.

10.    The Plaintiffs and Defendants had a series of meetings in 1997 and 1998 wherein the Defendants proposed that the unique Festival Flea Market concept that the Plaintiffs had created be expanded to locations outside of Pompano Beach, Florida.

11.    Specifically, the Defendants proposed that the Festival Flea Market concept be applied to a shopping center which the Defendants operated in the Arlington, Texas area.

12.    To accomplish this end, Plaintiffs and Defendants engaged in numerous discussions wherein the parties would attempt to enter into some sort of a joint venture relationship for the benefit of the Plaintiffs and the Defendants.

13.    Ultimately, it was decided that the Plaintiffs would provide various expertise to the Defendants on how to create a Festival Flea Market concept like the one in Pompano Beach, Florida in exchange for certain compensation.

14.    Attached hereto as Exhibit "A" is a letter dated November 2, 1998 from Defendant Forum to Plaintiff Shooster wherein Forum agreed to pay Shooster the sum of Fifty Thousand Dollars ($50,000.00) within six (6) months of said letter in exchange for organizing various marketing efforts. Said monies have not been paid as of this date.

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

15.  Attached hereto as Exhibit "B" is a letter dated March 5, 1998 from Defendant Forum to Plaintiff Shooster wherein Forum agreed to pay Shooster the sum of One Hundred Thousand Dollars ($100,000.00) for consulting services regarding a mall in the Arlington, Texas area, once the mall is operational and positive cash flows are generating.  Defendant Forum has not paid said One Hundred Thousand Dollars ($100,000.00) to Shooster as of this date.

16.  Plaintiff Shooster has provided all goods and services required of the Exhibit "A" November 2, 1998 letter and Exhibit "B" March 5, 1998 letter.

17.  The Arlington Mall/property is operational and positive cash flow is either being generated or should be generated by this time.

18.  Plaintiffs and Defendants continued to negotiate to try to enter into some sort of a joint venture agreement for the mall/property being operated by Defendants in the Arlington, Texas area; but no joint venture or other agreement was ever reached between Plaintiffs and Defendants.

19.  On or about September 27, 1999, counsel for Plaintiffs sent a notice to Defendants, a copy of which is attached herein as Exhibit "C" wherein Plaintiffs demanded that Defendants pay Plaintiff Shooster the sum of One Hundred Thousand Dollars ($100,000.00); Plaintiff R/S the sum of Fifty Thousand Dollars ($50,000.00) and cease and desist from using the tradenames and trademarks of "Festival Flea Market Mall" and "Festival Marketplace Mall" on or before November 7, 1999 unless the parties are able to

4

enter into some sort of License Agreement or other arrangement to allow continued use of said trademarks and tradenames.

20.    Plaintiffs and Defendants have never been able to enter into any agreement whereby Defendants would have the continued right to use any of Plaintiffs' trademarks or tradenames after November 7, 1999.

21.    Defendants have never paid Plaintiff Shooster the One Hundred Thousand Dollars ($100,000.00) due him or Plaintiff R/S the Fifty Thousand Dollars ($50,000.00) due them.

22.    Defendants continue to use the trademarks, tradenames, trade dress and confusingly similar tradenames and trademarks to that of Plaintiffs.

23.    Defendants have no authority to use the trademarks, tradenames, trade dress or other items of the Plaintiffs at this time.

23a. Defendant Alliance is the owner and/or manager of the Arlington Mall that is the subject matter of the aforedescribed dispute.

**COUNT I**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

24.    Plaintiffs reincorporate paragraphs 1 through 23a as if same were more fully set forth herein.

25.    Plaintiffs currently own numerous Federal and Florida trademarks as more clearly set out in Composite Exhibit "D", a copy of which is attached hereto.

26.    Because Defendants never entered into a Trademark License Agreement or any other agreement with the Plaintiffs, Defendants

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

are barred from using any of Plaintiffs trademarks, tradenames, trade dress or anything confusingly similar therewith.

27.  At this time, Defendants are using the tradenames, trademarks and/or trade dress or tradenames or trademarks confusingly similar thereto for their mall located in the Arlington, Texas area.

28.  By reason of the foregoing, Defendants have infringed and threatened to continue the infringement of Plaintiffs registered trademarks in violation of 15 U.S.C. § 1114 and Defendants' actions also constitute unfair competition under 15 U.S.C. § 1125 (a).

29.  Defendants' conduct has subjected and will continue to subject Plaintiffs' rights and its marks to irreparable injury, for which Plaintiffs have no adequate remedy at law.

30.  Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiffs are entitled to injunctive relief, an accounting of Defendants' profits, treble damages, royalties, and to recover their reasonable attorneys' fees incurred in this action.

## COUNT II
## BREACH OF CONTRACT

31.  Plaintiffs reincorporate paragraphs 1 through 23a as if same were more fully set forth herein.

32.  Defendants have materially breached the Exhibit "A" and "B" Agreements by not paying Plaintiff Shooster One Hundred Thousand Dollars ($100,000.00), not paying Plaintiff R/S Fifty Thousand Dollars ($50,000.00) and not ceasing and desisting from using Plaintiffs' trademarks, tradenames, trade dress and/or confusingly similar trademarks or tradenames after November 7,

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

1999.

33.    By reason of the forgoing, Plaintiffs are entitled to: a Declaration that Defendants owe royalty fees to Plaintiffs for use of Plaintiffs trademarks, tradenames, trade dress and/or using confusingly similar trademarks or tradenames; an accounting as to what benefits Defendants have received by improperly using Plaintiffs trademarks, tradenames, trade dress and/or confusingly similar trademarks or tradenames; full payment of the Fifty Thousand Dollars ($50,000.00) owed to Plaintiff R/S; full payment of the One Hundred Thousand Dollars ($100,000.00) owed to Plaintiff Shooster and to other damages and/or amounts owed caused by Defendants' material breaches of the Exhibit "A" and "B" Agreements, plus interest.

### REQUEST FOR RELIEF

34.    WHEREFORE, Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster, respectfully request this Honorable Court grant the following relief:

A.    That the Court temporarily and permanently enter an Injunction enjoining Defendants Robert Yari and Forum Arlington Properties, Ltd., or their agents, servants, employees and those acting by and under them, from the following:

(1)    Using the "Festival Marketplace Mall" #3101 trademark;

(2)    Using the "Festival Marketplace Mall/Logo" #3102 trademark;

(3)    Using the Winners! Arcade/Design #3103 trademark;

(4)    Using the Winners! Arcade/Design #3121 trademark;

(5)  Using the Festival Marketplace #3104 trademark;

(6)  Using the Festival Marketplace #3105 trademark;

(7)  Using the Shopaholic #3112 trademark;

(8)  Using the Festiventures #3120 trademark;

(9)  Using the Festiventures #3112 trademark;

(10) Using the Fesitvalue #3111 trademark;

(11) using the Festivalue #3119 trademark;

(12) Using the Fleabytes #3110 trademark;

(13) Using the Fleabytes #3118 trademark;

(14) Using the Flea Market Mall #3117 trademark;

(15) Using the Festival Flea Market Mall #3108 trademark;

(16) Using the Festival Flea Market/Design #3107 trademark;

(17) Using the Festival Flea Market/Design #3115 trademark;

(18) Using the Flea T.V. #3106 trademark;

(19) Using the Flea T.V. #3114 trademark;

(20) Using the Festival Marketplace/Design #3123 trademark; and

(21) International Festival Center trademark.

B.   That the Court enter a Declaratory Judgment finding that Defendants are not entitled to use any of the trademarks, tradenames or trade dress of the Plaintiffs;

C.   That the Court enter an accounting of all profits Defendants earned during the period of their trademark, tradename or trade dress infringement and award same to Plaintiffs pursuant to 15 U.S.C. § 1117(a) and that the Court further enter Judgment in favor of Plaintiffs for monetary damages in an amount equal to

51Shooster\AMComplaint\2-1-2000\kag5ds

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

three times Defendants' profits during infringement, pursuant to 15 U.S.C. §1117(b), plus reasonable royalties and other additional compensation that the Court finds just and equitable under the circumstances of this case;

D.    That Plaintiffs be awarded Judgment in the amount of their actual damages sustained by reason of the conduct of the Defendants;

E.    That the Court grant Plaintiffs' reasonable attorneys' fees in connection with this Complaint pursuant to Florida Statutes Annotated Chapter 57; to 15 U.S.C. § 1117, and to other law;

F.    That the Court award Plaintiff Shooster the sum of One Hundred Thousand Dollars ($100,000.00);

G.    That the Court award Plaintiff R/S the sum of Fifty Thousand Dollars ($50,000.00); and

H.    That Plaintiffs be awarded such other and further relief as this Honorable Court deems just and proper.

Dated:    2/1/00

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.
Attorneys for Plaintiffs
5355 Town Center Road #801
Boca Raton, Florida 33486
Tel: (561) 395-5511
Fax: (561) 368-9274

by:    KEITH A. GOLDBAUM, ESQUIRE
       FBN 0475637

FESTIVAL

ID:9549683980    APR 15'99    16:46 No.003 P.C

# _FORUM ARLINGTON PROPERTIES, LTD._

16150 Wilshire Blvd., Suite 7610, Los Angeles, CA 90036

November 2, 1998

Mr. Dan Shooster
Festival Flea Market Mall
2900 West Sample Road
Pompano Beach, FL 33073

Re:    Festival/Dallas    VIA TELECOPIER

Dear Dan:

Pursuant to our discussion, this letter shall confirm our agreement relating to the use of your Festival logo and advertising (as set forth in my November 7, 1997 letter to you, modified by letter dated November 28, 1997). We shall extend the rights granted for an additional year. Additionally, we shall have the right to use two new TV spots created for you by Beber/Silverstein titled "comps", indefinitely. In return we agree to pay you the sum of $50,000 within 6 months of this date. $49,000 shall be allocated to production costs you have paid for the new ads and $1,000 shall be allocated to the continuation of the logo license.

And finally, pursuant to your request, the following are current costs incurred on the Dallas Festival. These costs are approximate and the costs are continuing as we finalize construction and carry negative operating income until stabilization.

| | |
|---|---|
| Current loan x 50% | $1,400,000 |
| Capital to-date x 50% | $1,600,000 |
| New $1m loan x 50% | $ 500,000 |
| Partner buy-out x 100% | $1,900,000 |
| | |
| Total cost of 50% | $5,400,000 |

(of this amount, $1,900,000 is currently financed)
(this amount does not include carry on capital)

I look forward to continuing our discussions towards a mutually beneficial venture. Also, please don't forget to discuss the overall participation with Harry. I am eager to know your collective thoughts on that issue. Best regards to you and the family.

Sincerely,

Bob Yari

# EXHIBIT ___A___

FESTIVAL                    ID:9549683980                    APR 15'99    16:45 No.003 P.

**FORUM ARLINGTON PROPERTIES, LTD.** 10940 Wilshire Blvd. Suite 1960 Los Angeles, CA 90024

an option to give up your shares and regain the name rights granted in the event an agreed upon number of projects have not been acquired by a certain date.

ID:9549683980                    APR 16'99    8:37 No.001

**FESTIVAL**

## FORUM ARLINGTON PROPERTIES, Ltd. 10880 WILSHIRE BOULEVARD, SUITE 1050, LOS ANGELES, CA 90024

March 5, 1998

Mr. Dan Shooster
Festival Flea Market Mall
2900 West Sample Road
Pompano Beach, FL 33073

VIA TELECOPIER

Re:    Festiventures/ Festival Marketplace

Dear Dan:

Pursuant to our discussion, this letter shall confirm my agreement relating to your consulting services with respect to the Festival Marketplace Mall and our general understanding regarding our potential joint venture.

Over and above the commitments set forth in the November 7, 1997 letter, Festival Marketplace, Ltd. Shall pay you the sum of $100,000 for your consulting services up through opening and stabilization (approximately three months) of the mall. We have agreed that this sum will be payable once the mall is operational and positive cash flows are generating. I truly appreciate your understanding in this respect as this will allow the current availability of funds to be concentrated on the construction, marketing and leasing efforts.

Additionally, as we are contemplating our joint venture and I await draft agreements from your attorney, we shall both move forward with efforts to procure venture capital financing in the interim as long as no liability or cost accrues to you prior to full execution of an agreement. This agreement will contain a provision which provides that you will be entitled to 10% ownership in the venture at no cost, should you not desire to participate financially in the equity requirements. And finally, we both agree to use good faith efforts to gain one another an equity purchase opportunity in each of our respective Festival Malls.

I hope this accurately summarizes our discussions. Please do not hesitate to contact me if anything is contrary to your understanding. I look forward to seeing you and Leslee in Dallas. Best regards.

Sincerely,

Bob Yari

EXHIBIT    B

September 27, 1999

<u>CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>
Robert Yari
Forum Arlington Properties, Ltd.
10850 Wilshire Boulevard, Suite 1050
Los Angeles, CA 90024

      Re:    <u>Expiration of Right to Use Trademarks</u>
               Our File: 5477.3100

Dear Mr. Yari:

As you know this firm represents Dan Shooster and his business in trademark matters. I write to remind you that your trademark rights expire shortly. As you agreed in your letter to Dan Shooster dated November 2, 1998, whatever limited right you may have enjoyed to use our client's trademarks (the "Trademarks")—including, without limitation, *Festival Flea Market Mall* and *Festival Marketplace Mall*, expires on November 7, 1999. Likewise, any right to use any advertising or other materials containing the Trademarks expires at such time. Please note that notwithstanding the expiration of your license rights, the indemnities that you extended to our client in your March 19, 1998, letter continue in effect and survive such expiration.

Unless you want to enter a formal license agreement in accordance with the instructions set forth below, on or before November 7, 1999, you are reminded that as of such date, under federal law, you must on such date:

- cease using the Trademarks and any colorable imitations thereof, including all materials containing the Trademarks;

- cancel any assumed-name registrations pertaining to any of the Trademarks (including, without limitation, any such registration pertaining to an assumed name incorporating any of the Trademarks);

- amend your company name if it incorporates any of the Trademarks; and

EXHIBIT  C

September 27, 1999
Robert Yari
Page 2

- take any further actions our client may reasonably require to avoid any actual or potential public confusion concerning the parties' respective businesses.

The foregoing obligations are not exclusive of our client's other rights, all of which it reserves.

As you may know, Mr. Shooster hold federal registrations for his mark under the Federal Lanham Act. The Act requires Mr. Shooster, as a condition of his registrations, both to control the use of his marks, and to prevent the unauthorized use of his marks. Consequently, we have warned Mr. Shooster that he must take steps to prevent the continued use by you of the marks after any license rights you have expire on November 7, 1999, to satisfy his federal legal obligations.

If you desire to enter a license agreement to use the Trademarks, you may do so by satisfying all of the following conditions by no later than November 7, 1999:

- notify our firm in writing of your intention to renew;

- pay R/S Associates and Daniel Shooster all amounts you currently owe them respectively, including, without limitation, $51,000 (which includes the $1,000 initial fee never paid) to R/S Associates and $100,000 to Mr. Shooster (please note that there are amounts in addition to this sum that you owe Mr. Shooster); and

- enter our client's form of trademark license agreement.

In any event, the amounts you owe R/S Associates and Daniel Shooster are over due and must still be paid. Mr. Shooster may consider granting you the right to pay the amounts owed to R/S Associates in monthly payments of $5,000, starting October 1, until paid in full, if you otherwise pay the personal amounts owed to him now. He makes this gesture in light of your prior offer of July to make payments on a monthly basis. Under that offer, your proposed monthly payments would have unduly delayed the payment to him that he has told you he wants personally to apply to some matters he has pending. Those payments from you are long overdue. You should be aware that Mr. Shooster has avoided numerous collection attempts as a courtesy to you and to avoid overburdening you. Mr. Shooster seeks the payment to him personally as a gesture of your own good faith and commitment. At this point that your license is expiring, it is imperative to finalize these matters.

To pursue a formal licensing program or otherwise discuss your trademark commitments, please contact me directly. I will be happy to discuss any questions or comments you may have. If you prefer to communicate by e-mail, my address is RRosenwasser@Lawmind.com. To avoid any delay in understanding your intentions, I would appreciate you contacting me at your earliest convenience, and in no event later than September 30, 1999.

September 27, 1999
· Robert Yari
Page 3

Sincerely,

Ronald N. Rosenwasser

cc.:    Daniel Shooster

## TRADEMARK STATUS REPORT-R/S ASSOCIATES
## AS OF DECEMBER 15, 1999

| Trademark: | Class: Description: | Serial/ Registration Number: | Registration Date; Affidavit of Use Filing Date and Renewal Date: | Federal or State |
|---|---|---|---|---|
| Festival Marketplace Mall #3101 | 35: Preparing and placing advertisements for others; dissemination of advertising matter on behalf of vendors | 75/439,184 | | Federal |
| | 36: Leasing of market space in a multi-tenanted marketplace | | | |
| Festival Marketplace Mall/Logo #3102 | 35: Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of printed materials regarding a multi-tenanted marketplace | T990000000451 | April 16, 1999 | Florida |
| | 36: Leasing of market space in a multi-tenanted marketplace | | | |
| Winners! Arcade/Design #3103 | 41: Video game arcade services and providing party planning services and facilities | 2,285,10' | Oct. 12, 1999 Oct. 12, 2005 Oct. 12, 2009 | Federal |
| Winners! Arcade/Design #3121 | 42: Video arcade, games and party services | T980000000910 | Aug. 4, 1998- Aug. 4, 2008 | Florida |

1


EXHIBIT _D_

| Trademark: | Class: Description: | Serial/ Registration Number: | Registration Date; Affidavit of Use Filing Date and Renewal Date: | Federal or State |
|---|---|---|---|---|
| Festival Marketplace #3104 | 35: Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of matter regarding a multi-tenanted marketplace | 2,229,205 | Mar. 2, 1999- Mar. 2, 2005- Mar. 2, 2009 | Federal |
| Festival Marketplace #3105 | 36: Leasing of Flea Market space 35: : Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of matter regarding a multi-tenanted marketplace | T960000l373 | Dec. 10, 1996- Dec. 10, 2006 | Florida |
| Shopaholic #3112 | 36: Leasing of market space in multi-tenanted marketplace 42: Offering membership in an association to person who purchase a certain dollar volume of merchandise from a multi-tenanted marketplace; Members will be provided special shopping courtesies, discounts, special sales events and a newsletter | T960000l374 | Dec. 10, 1996- Dec. 10, 2006 | Florida |
| Festiventures #3120 | 35: Business consultation services geared toward persons who want to create specialized retail market-places; preparing advertising for persons who operate specialized retail marketplaces | 2,097,593 | Sept. 16, 1997- Sept. 16, 2003- Sept. 16, 2007 | Federal |

| Trademark: | Class: Description: | Serial/ Registration Number: | Registration Date; Affidavit of Use Filing Date and Renewal Date: | Federal or State |
|---|---|---|---|---|
| Festiventures 3112 | 35: Consulting services to persons who want to create specialized retail marketplaces; preparing advertising for persons who operate specialized retail marketplaces | T96000001093 | Sept. 24, 1996- Sept. 24, 2006 | Florida |
| Festivalue #3111 | 35: Promoting and advertising the goods being sold by vendors in a multi-tenanted marketplace by providing discount vouchers; advertising services, namely, providing advertising space in a periodical of the goods and services being provided by retail vendors | 2, 097,592 | Aug. 16, 1997- Aug. 16, 2003- Aug. 16, 2007 | Federal |
| Festivalue #3119 | 35: Preparing advertising for vendors in a multi-tenanted marketplace and preparing advertising for owner of said marketplace | T96000001089 | Sept. 18, 1996- Sept. 18, 2006 | Florida |
| FLEABYTES #3110 | 35: Promoting the goods and services of others by providing advertising and information through a listing or sublisting on a national computer network | 2,044,577 | Mar. 11, 1997- Mar. 11, 2003- Mar. 11, 2007 | Federal |
| FLEA BYTES #3118 | 42: Operating an information link on the Internet | T96000001091 | Sept. 18, 1996 Sept. 18, 2006 | Florida |

| Trademark: | Class: Description: | Serial/ Registration Number: | Registration Date; Affidavit of Use Filing Date and Renewal Date: | Federal or State |
|---|---|---|---|---|
| Flea Market Mall #3117 | 35: Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of printed material regarding a multi-tenanted marketplace<br><br>36: Leasing of market space in multi-tenanted marketplace | T960000192 | Sept. 18, 1996<br>Sept. 18, 2006 | Florida |
| Festival Flea Market Mall #3108 | 35: Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of matter regarding a multi-tenanted marketplace<br><br>36: Leasing of Flea Market Space | 1,958,606 | Feb. 27, 1996-<br>Feb. 27, 2002-<br>Feb. 27, 2006 | Federal |
| Festival Flea Market/Design #3107 | 35: Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of printed material regarding a multi-tenanted marketplace<br><br>36: Leasing of market space in multi-tenanted marketplace | 1,948,221 | Jan. 16, 1996-<br>Jan. 16, 2002-<br>Jan. 16, 2006 | Federal |
| Festival Flea Market/Design #3115 | 36: | T15036 | Sept. 23, 1991<br>Sept. 23, 2001 | Florida |
| Flea T.V. #3106 | 35: Promoting the goods and services of others by providing advertising on a television shopping show | 2,018,022 | Nov. 19, 1996-<br>Nov. 19, 2002-<br>Nov. 19, 2006 | Federal |

| Trademark: | Class: Description: | Serial/ Registration Number: | Registration Date; Affidavit of Use Filing Date and Renewal Date: | Federal or State |
|---|---|---|---|---|
| Flea T.V. #3114 | 35:  Preparing television advertising for vendors in a multi-tenanted marketplace and preparing advertising for the owner of the marketplace | T96000001090 | Sept. 18, 1996 Sept. 18, 2006 | Florida |
| Festival Marketplace /Design #3123 | 35:  Preparing advertising for vendors in a multi-tenanted marketplace; dissemination of printed material regarding a multi-tenanted marketplace | 75/669,681 | | Federal |
| | 36:  Leasing of market space in multi-tenanted marketplace | | | |
| International Festival Center | Third party application | 75/377,290 | ITU Application | Federal |

5



# FESTIVAL MARKETPLACE MALL®

**IT'S A BIG WORLD IN HERE.**

FESTIVAL

TRINITY BLVD PARKWAY

PROSPER PARKWAY

BALLPARK
FESTIVAL
360 FRONTIER PARKWAY
ARLINGTON

←—— TO FT. WORTH    TO DALLAS ——→

• FREE PARKING • FREE ADMISSION
• WHEELCHAIRS • STROLLERS • DIAPER DECKS
• GIFT CERTIFICATES

360 AT PIONEER PARKWAY - ARLINGTON
HEART OF THE METROPLEX
OPEN WED. - FRI, 10:00 AM - 8:00 PM
SAT. 10:00 AM - 8:00 PM
SUN., 12:00 NOON - 6:00 PM
(817) 649-8065




... into the Festival Marketplace Mall. And discover
... le new world. With over 500 merchants selling
... -brand merchandise at below outlet prices, it's
... bargain-hunter's paradise. There are also a few
... ected treats – like our full-service beauty salon,
... arcade, 6-screen movie theater and our
... ational Food Court. It's worlds apart from any-
... you've seen before and it's all just minutes away.
... p out of the ordinary and into the unique shop-
... experience of the Festival Marketplace Mall.

... el Festival Marketplace Mall y descubra todo
... indo nuevo. En este paraíso de los emantes de
... rtas, más de 500 comerciantes venden artículos
... ca a precios más bajos que los del mercado. Y
... as atracciones que no esperaba – por ejemplo,
... ón de belleza que ofrece todo tipo de servicios.
... de video, una sala cinematográfica de 6
... as y una Galería Internacional de Restaurantes.
... totalmente diferente a lo que haya visto antes.
... ncuentra a pocos minutos de distancia. Así
... ídase a salir de la rutina y disfrute recorriendo
... ndas del Festival Marketplace Mall.

... z le Festival Marketplace Mall et vous
... irez un monde entièrement nouveau. Avec
... 500 marchands vendant des marchandises de
... à des prix inférieurs au prix de détail, c'est
... le paradis pour les amateurs de bonnes
... Quelques surprises également, comme notre
... beauté, notre galerie de jeux vidéo, notre
... eix salles et notre Galerie de Restauration
... nale. Un monde de différence par rapport à
... ue vous avez vu auparavant et à quelques
... seulement. Sortez de l'ordinaire pour
... hose d'unique au Festival Marketplace Mall.

... n Sie die Festival Marketplace Mall, und
... Sie eine völlig neue Welt – ein wahres
... iradies, in dem mehr als 500 Händler
... re zu Preisen verkaufen, die noch
... Großhandelspreis liegen. Eine wahre
... . Außerdem erwarten Sie hier auch
... rraschende Extras, wie etwa unser
... alon mit vollem Serviceangebot, eine
... le, ein Kino mit 6 Leinwänden und unser
... ler Imbißbereich. Sie fühlen sich in eine
... re Welt versetzt – so etwas haben



**HOMEMAKERS** Crystal, linens, dishes, appliances, fine art, furniture, fresh flowers. **BREATHTAK**

Designer fragrances, cosmetics, lingerie, hosiery, the latest designer fashions, chocolates, cameras, sung

**SHOPAHOLICS** Purses... ATM bank machine, over 500 merchants, backpacks, collectibles, electronics, radio headsets, souven

**WORKAHOLICS** Beepers, phones, suits, ties, belts, shoes, briefcases, and luggage. **HOMEBODIES** Computer software.

men's fashions, hats, boots, cigars, tuxedos, loungewear, leather jackets.

VCRs, videos, recliners, TVs, books, magazines, tools and hardware.

Costume jewelry, hand-bags, t-shirts, sundries, unusual gift items, candles, baskets, silk flower arrangements and much, much more. **THINGS FOR BI**

and wallets. **BARGAIN HUNTE**

**FESTIVAL HIGHROLLERS** Gold jewelry, watc

**AND LITTLE KIDS** Rollerblades, golf clubs, sportswear, exercise equipment.

tennis racquets, name-brand athletic shoes, kids

stuffed animals, candy, toys galore.

hand-held video games ....... **PLUS AN INTERNATIONAL FOOD C**

**FULL-SERVICE BEAUTY SALON, A 6-SCREEN MOVIE THEATER, FARMER'S**



# US PATENT & TRADEMARK OFFICE
## TRADEMARK TEXT AND IMAGE DATABASE

| Help | Home | Marks | Boolean | Manual | Number | Order Copy | PTDLs |

 

(1 of 2)

---

**Check Status**



| | |
|---|---|
| **Word Mark** | *FESTIVAL FLEA MARKET* MALL |
| **Owner Name** | (REGISTRANT) Shooster, Daniel H. |
| **Owner Address** | 2900 W. Sample Road Pompano Beach FLORIDA 33073 INDIVIDUAL UNITED STATES |
| **Attorney of Record** | KAREN M. SULLIVAN |
| **Serial Number** | 74-603926 |
| **Registration Number** | 1958606 |
| **Filing Date** | 11/28/1994 |
| **Registration Date** | 02/27/1996 |
| **Design Search Code** | 02.01.33; 02.09.05; 19.07.11; 26.11.07; 26.11.12; 26.11.13 |
| **Description of Mark** | The mark consists of an abstract person outlined in white, running with a shopping bag in each hand against a colored background. The words "*FESTIVAL FLEA MARKET* MALL" appear in a mixture of styled block print and regular print underneath.; The mark is lined for the colors red and blue. |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "*FLEA MARKET* MALL" APART FROM THE MARK AS SHOWN |
| **Register** | PRINCIPAL |
| **Published for Opposition** | 12/05/1995 |
| **Type of Mark** | SERVICE MARK |

| | |
|---|---|
| **International Class** | 035 |
| **Goods and Services** | preparing advertising for vendors in a multi-tenanted marketplace; dissemination of matter regarding a multi-tenanted marketplace; DATE OF FIRST USE: 1994.10.01; DATE OF FIRST USE IN COMMERCE: 1994.10.01 |

---

| | |
|---|---|
| **International Class** | 036 |
| **Goods and Services** | leasing of *flea market* space; DATE OF FIRST USE: 1994.10.01; DATE OF FIRST USE IN COMMERCE: 1994.10.01 |

---

 

**(1 of 2)**



# US PATENT & TRADEMARK OFFICE
## TRADEMARK TEXT AND IMAGE DATABASE

| Help | Home | Marks | Boolean | Manual | Number | Order Copy | PTDLs |

 

(2 of 2)

**Check Status**



| | |
|---|---|
| **Word Mark** | *FESTIVAL FLEA MARKET* |
| **Owner Name** | (REGISTRANT) Shooster, Daniel H. |
| **Owner Address** | 2900 W. Sample Road Pompano Beach FLORIDA 33073 INDIVIDUAL UNITED STATES |
| **Attorney of Record** | KAREN M. SULLIVAN |
| **Serial Number** | 74-548598 |
| **Registration Number** | 1948221 |
| **Filing Date** | 07/05/1994 |
| **Registration Date** | 01/16/1996 |
| **Design Search Code** | 29.01.07 |
| **Description of Mark** | The mark consists of the term "*FESTIVAL*", colored in a multi-colored mosaic-like pattern and the words "*FLEA MARKET*" separated by a small comet-like design.; The drawing is lined for the colors green, yellow, red, blue and orange and color is claimed as a feature of the mark. |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "*FLEA MARKET*" APART FROM THE MARK AS SHOWN |
| **Register** | PRINCIPAL |
| **Published for Opposition** | 10/24/1995 |
| **Type of Mark** | SERVICE MARK |
| **International Class** | 035 |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6023 CIV-Hurley
Magistrate Lynch

R/S ASSOCIATES, A FLORIDA LIMITED
PARTNERSHIP, AND DAN SHOOSTER,

     Plaintiffs/Counterdefendants

vs.

BOB YARI, AND FORUM ARLINGTON
PROPERTIES. LTD.,

     Defendants/Counterplaintiffs

**DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT FOR
INJUNCTIVE , DECLARATORY AND
COMPENSATORY RELIEF, AND
DEFENDANTS/COUNTER-
PLAINTIFFS' COUNTERCLAIMS
AND DEFENSES**

---

### ANSWER

By their undersigned attorneys. Defendants, Bob Yari ("Yari") and Forum Arlington Properties. Ltd. ("Forum"), collectively referred to as "Defendants," respond to the correspondingly numbered paragraphs of the First Amended Complaint for Injunctive, Declaratory and Compensatory Relief as follows:

### THE PARTIES

1.    Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

2.    Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

3.    Admitted.



EXHIBIT _D_

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

      4.     Admitted.

      4a.    Inasmuch as Alliance Management Co., LLC has been dismissed as a Defendant from this cause, no response is required to this allegation.

**JURISDICTION AND VENUE**

      5.     Admitted.

      6.     Denied.

**BACKGROUND**

      7.     Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

      8.     Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

      9.     Defendants have no personal knowledge as to the veracity of this statement. It is therefore denied.

      10.    Admitted in part and denied in part. Defendants admit that the Defendants and Plaintiff, Dan Shooster, had a series of meetings in 1997 and 1998. The remainder of this allegation is denied.

      11.    Denied.

      12.    Admitted in part and denied in part. Defendants admit only that they and Plaintiff, Dan Shooster, had numerous discussions concerning a joint venture relationship for the benefit of Dan Shooster and the Defendants. The remainder of this allegation is denied.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

13.    Admitted in part and denied in part.  Defendants admit only that they and Dan Shooster agreed that Dan Shooster would provide various expertise to the Defendants on how to create in Texas a Festival Flea Market concept like the one in Pompano Beach, Florida in exchange for certain compensation.  The remainder of this statement is denied.

14.    Admitted in part and denied in part.  Defendants admit only that they agreed to pay $50,000. $49,000 of which was for production costs for new advertisements and $1,000 of which was for the continuation of a logo license, that Exhibit A is a letter dated November 2, 1998, from Forum to Dan Shooster, and that the sums referred to in the letter have not been paid.  Defendants deny that Dan Shooster provided the services, specifically, organizing various marketing efforts, which were prerequisite to Dan Shooster's entitlement to payment.

15.    Admitted in part and denied in part.  Defendants admit that the text of Exhibit B is accurate, but deny that the handwritten notations on Exhibit B are on the original letter.  Defendants admit that the sum of $100,000 has not been paid to Shooster.  Defendants deny that Shooster provided the services which were prerequisite to his right to receive the payment of $100,000, and Defendants deny that the mall at Arlington, Texas has begun to generate positive cash flows.

16.    Denied.

17.    Admitted in part and denied in part.  Defendants admit only that the property is operational.  The remainder of this allegation is denied.

18.    Admitted in part and denied in part.  Defendants admit only that they continued to negotiate to try to enter into a joint venture agreement with Dan Shooster and that no joint

3

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

venture agreement was reached between Defendants and Dan Shooster. The remainder of this allegation is denied.

19.    Admitted.

20.    Admitted.

21.    Admitted in part and denied in part. Defendants admit only that they have not paid Dan Shooster $100,000, nor have they paid him $50,000. Defendants deny that they owe Dan Shooster the sums of $100,000 and $50,000, and Defendants deny that they owe $50,000 to Plaintiff R/S.

22.    Denied.

23.    Admitted in part and denied in part. Defendants admit that they currently have no authority to use Dan Shooster's trademarks, trade name or trade dress. Defendants are without knowledge as to the meaning of "other items of Plaintiffs." The allegation regarding such other items is therefore denied.

23a.    Inasmuch as Alliance Management Co., LLC has been dismissed as a Defendant from this cause, no response is required to this allegation.

## COUNT I
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

24.    Defendants incorporate by reference their responses to 1 through 23a of the First Amended Complaint as if they were set forth in full herein at length.

25.    Defendants have no independent knowledge of the veracity of this allegation. It is therefore denied.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

26.    Admitted in part and denied in part.    Defendants admit only that they were barred from such use on and after November 8, 1999.    The remainder of this allegation is denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

## COUNT II
## BREACH OF CONTRACT

31.    Defendants incorporate by reference their responses to 1 through 23a of the First Amended Complaint as if they were set forth in full herein at length.

32.    Denied.

33.    Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the First Amended Complaint, that the Court award the Defendants the attorneys' fees and costs incurred in the defense of this matter and that the Court enter such other relief as it deems appropriate.

## COUNTERCLAIMS

Come now the Defendants/Counterplaintiffs, Bob Yari and Forum Arlington Properties, Ltd., to counterclaim against the Plaintiff/Counterdefendant, Dan Shooster, stating:

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

## THE PARTIES

1.    Defendant/Counterplaintiff Bob Yari ("Yari") is an individual who resides and has his principal place of business in the State of California.

2.    Defendant/Counterplaintiff Forum Arlington Properties, Ltd. ("Forum") is a registered Texas partnership, which does business in the State of Texas.

3.    Yari is the President of Forum General, Inc., a Texas corporation, which is the general partner of Defendant/Counterplaintiff, Forum.

4.    At all times material hereto, Yari has owned an interest in Forum.

5.    Defendants/Counterplaintiffs, Yari and Forum, are engaged in the business of real estate development.

6.    Defendants/Counterplaintiffs, Yari and Forum, do not do business in Florida.

7.    Upon information and relief, Plaintiff/Counterdefendant Dan Shooster ("Shooster"), is an individual, who does business in Pompano Beach, Broward County, Florida at the Festival Flea Market Mall.

## JURISDICTION

8.    This Court has ancillary jurisdiction over the subject matter of Defendants' compulsory counterclaims, pursuant to 28 U.S.C. § 1367.

## FACTS

9.    Circa 1995, Forum purchased real property in Arlington, Texas, in order to develop a discount outlet mall.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

10.    In 1995, Shooster made contact with Yari through David Morgan, a real estate developer in Texas.

11.    At Shooster's request, in 1995, Yari, who was in California, telephoned Shooster in Pompano Beach, Florida to introduce himself.

12.    Shooster advised Yari that he had asked David Morgan to put him in contact with Yari, so they could discuss the possibility of a business venture between Yari and Shooster.

13.    During their conversation in 1995, Shooster informed Yari that he owned the Festival Flea Market Mall in Pompano Beach, Florida (hereinafter "Festival Florida") and that he had tried unsuccessfully to buy Forum's site in Arlington, Texas to develop a flea market mall.

14.    In 1995, Shooster told Yari that he would like to be a partner in Forum's redevelopment project in Texas and that he thought the site would be ideal for the development of a "Festival Flea Market Mall" concept.

15.    Shooster invited Yari to travel to Pompano Beach, Florida to visit Festival Florida, which he described as a prototype for the redevelopment of the property in Texas that was owned by Forum.

16.    At Shooster's invitation, Yari traveled to Pompano Beach, Florida in December 1995 to Festival Florida.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

### Shooster's Promises to Lend His Expertise and the Defendants' Reliance Thereon

17.   Beginning in December 1995 and continuing through 1998, Shooster repeatedly represented to Yari and Forum that he desired an ownership interest in the Texas Mall and that he would be willing to lend his expertise to the development of a "Festival Flea Market Mall" in Texas.

18.   Shooster promised to oversee, market, supervise and guide the development and operation of the Texas Mall, in order to create a "Festival Flea Market Mall" concept there.

19.   When Yari met Shooster, Yari and Forum had no experience in the development or operation of flea markets and/or flea market malls.

20.   Prior to Yari's conversations and meeting with Shooster, Yari and Forum had never contemplated developing a flea market mall.

21.   Yari and Forum agreed to develop the Texas Mall as a flea market mall in reliance upon Shooster's promise to oversee, market, supervise and guide the development and operation of the mall.

22.   Yari anticipated that, while the Texas Mall was being developed, Shooster would spend three (3) or four (4) days each week in Arlington, Texas and that Shooster would maintain a significant presence at the Texas Mall after it became operational.

23.   Dan Shooster failed to oversee, market, supervise and guide the development and operation of the Texas Mall.

24.   Forum began construction of the Texas Mall in 1997.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

25.    Shooster represented to Yari and Forum that his wife, Leslee Shooster, had great experience in the flea market mall business and that her services would be beneficial to the development of the Texas Mall.

26.    In reliance upon Shooster's statements concerning the abilities of Leslee Shooster, Yari and Forum permitted Leslee Shooster to visit the Texas Mall in 1998 and to bring with her several tenants from Festival Florida.

27.    While in Texas, Leslee Shooster rearranged the booth locations at the Texas Mall, taking prime positions from local tenants and giving them to the tenants of the Festival Florida, who preleased space at the Texas Mall.

28.    A few weeks after Leslee Shooster left Texas in March of 1998, the Festival Florida tenants who had preleased space in the Texas Mall contacted Forum and indicated that they could not lease space in the Texas Mall because Dan and Leslee Shooster had threatened to evict them from Festival Florida if they leased space at the Texas Mall.

29.    All but one of the Festival Florida tenants who had preleased space in the Texas Mall refused to honor their preleasing agreements

30.    By letter dated March 5, 1998, from Yari and Forum to Shooster,[1] Festival Marketplace, Ltd. agreed to pay Shooster $100,000 for his consulting services at the Texas Mall during the Spring of 1998, with such payment being due after the Texas Mall was operational and generating a positive cash flow.

---

[1]    This letter will be filed of record as soon as it is received by Defendants' counsel.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

31.     Yari and Forum were intended beneficiaries of the aforesaid contract between Shooster and Festival Marketplace, Ltd.

32.     Having made only one trip to the Texas Mall between March 5, 1998 and June 5, 1998, Shooster did not provide the consulting services that were prerequisite to his entitlement to receive $100,000.

33.     The Texas Mall, which is now known as the Festival Discount Mall, is operational, but it is not profitable.

### Shooster's Promises to Purchase an Interest in Forum and Yari's Reliance Thereon

34.     Continuously from 1995 through 1998, Yari and Shooster discussed the development of a joint venture, whereby Shooster would own an interest in Forum and thus would own an interest in the Texas Mall.

35.     In December of 1995, Yari's limited partners in Forum were Ebby Jebreel and Camm Mateem.

36.     Beginning in December 1995 and continuing until November of 1998, during their telephone conversations and their meetings in Florida and Texas, Shooster repeatedly expressed his desire to purchase the interests of Mr. Jebreel and Mr. Mateem in Forum.

37.     Yari purchased Mr. Jebreel's and Mr. Mateem's interests in Forum for $2,000,000 so that Shooster would purchase those interests from Yari.

38.     By letter dated November 2, 1998, Shooster refused to buy the interests of Mr. Jebreel and Mr. Mateem in Forum which Yari had purchased solely in order to be able to transfer them to Mr. Shooster.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

39.    Defendants have retained the undersigned attorneys to represent them in this cause and have agreed to pay the attorneys a reasonable fee for their services.

## COUNT I
## BREACH OF CONTRACT

40.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of their Counterclaims as though set forth in full herein at length.

41.    Shooster contracted with the Forum Marketplace, Ltd. to provide on-site consulting services for three months, commencing March 5, 1998, through the period of time when the Texas Mall opened and became stable.

42.    Shooster failed to provide the consulting services for which Festival Marketplace, Ltd. contracted and of which Yari and Forum were the intended beneficiaries.

43.    Yari and Forum were damaged by Shooster's breach of his agreement to provide consulting services.

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster, to award Defendants the compensatory, incidental and other damages suffered by Defendants owing to Plaintiff's breach of contract, plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

## COUNT II
## INTENTIONAL INTERFERENCE WITH
## ADVANTAGEOUS CONTRACTUAL RELATIONSHIPS

44.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of their Counterclaims as though set forth in full herein at length.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

45. Forum's preleasing commitments with Festival Florida tenants were advantageous business relationships.

46. Dan Shooster interfered with those advantageous business relationships by threatening the tenants with eviction from Festival Florida. if they did not break their preleasing commitments to the Texas Mall.

47. Dan Shooster knew that Forum's preleasing commitments with the Festival Florida were advantageous to Forum.

48. Yari and Forum were damaged by Dan Shooster's intentional interference with their advantageous contractual relationships.

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster, to award Defendants the compensatory, incidental and other damages suffered by Defendants owing to Plaintiff's intentional interference with advantageous contractual relations, plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

### COUNT III
### FRAUD

49. Yari incorporates herein by reference paragraphs 1 through 38 of his Counterclaims as though set forth in full herein at length.

50. Shooster falsely promised Yari that he would purchase Messrs. Jebreel's and Mateem's interests in Forum if they became available.

51. Shooster knew, or under the circumstances should have known, that his statements were false when he made them.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and
Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

52.    Shooster made these false statements intending for Yari to rely on them.

53.    Yari purchased Messrs. Jebreel's and Mateem's interests in Forum in reliance
upon Shooster's false statements.

54.    Yari was damaged by his acting in reliance on Shooster's statements.

WHEREFORE, Yari respectfully requests the Court to enter judgment in his favor and
against Plaintiff, Dan Shooster for fraud, to award Yari damages that restore him to the
position he would have enjoyed but for Shooster's fraud plus prejudgment interest thereon, and
to enter such other relief as the Court deems appropriate.

## COUNT IV
## FRAUD

55.    Yari and Forum incorporate herein by reference paragraphs 1 through 38 of
their Counterclaims as though set forth in full herein at length.

56.    Shooster falsely promised Yari and Forum that, if developed the Texas Mall into
a flea market mall, he would to oversee, market, supervise and guide the development and
operation of the mall.

57.    Shooster knew, or under the circumstances should have known, his promises
were false when he made them.

58.    Shooster intended for Yari and Forum to rely on his promises.

59.    Yari and Forum relied on Shooster's promise to oversee, market, supervise and
guide the development and operation of the mall.

60.    Yari and Forum were damaged by their reliance on Shooster's promises.

Defendants' Answer to First Amended Complaint For Injunctive, Declaratory and Compensatory Relief, and Defendants/Counter Plaintiffs' Counterclaims and Defenses

Case No. 00-6023 CIV-Hurley

WHEREFORE, Yari and Forum respectfully request the Court to enter judgment in their favor and against Plaintiff, Dan Shooster for fraud, to award them damages that restore them to the position they would have enjoyed but for Shooster's fraud plus prejudgment interest thereon, and to enter such other relief as the Court deems appropriate.

## DEFENSES

1.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against Defendants Yari and Forum.

2.    This Court lacks personal jurisdiction over Defendants Yari and Forum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument has been furnished by U.S. mail to Keith A. Goldbaum, Esquire, Friedman, Rosenwasser & Goldbaum, P.A., 5355 Town Center Road, Suite 801, Boca Raton, Florida 33486, this 1st day of May, 2000.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone:   (561) 686-3307
Facsimile:   (561) 686-5442
E-mail:       ejames@nygwl.com
Attorneys for Defendants/Counterplaintiffs
Florida Bar No.:  791709

By: _____
      / ELAINE JOHNSON JAMES

H:\6074\13057\PDefendantsAnswerToFirstAmendedComplaintEtc.EJJ/o

14