UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023 CIV HURLEY

R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER

   Plaintiff

vs.

ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD. AND
ALLIANCE COMMERCIAL MANAGEMENT,

   Defendants
_____/



### PLAINTIFFS' MOTION TO COMPEL

  COME NOW the Plaintiffs, R/S Associates, a Florida limited partnership and Dan Shooster (hereinafter "Plaintiffs"), by and through their undersigned counsel, and for their Motion to Compel state as follows:

  1. Pursuant to the Court's Order Setting Trial Date (attached as Exhibit "A") and Discovery Deadlines, Referring Case to Mediation and Referring Discovery to United States Magistrate Judge, the parties are required to agree upon a Mediator by this time.

  2. The parties need to agree upon a Mediator and a time and date for Mediation in order for the Plaintiff to coordinate the Mediation Conference.

  3. Counsel for Plaintiffs has contacted counsel for Defendants telephonically on several occasions and requested several dates and times when Defendants would be available for Mediation. In addition, on several occasions, counsel for Plaintiffs has written to Defendants' counsel and requested that available Mediation dates and times be

c:\wpdocs\clients\Shooster
COMPEL\11-6-2000\kaq5ds

FRIEDMAN, ROSENWASSER & GOLDBAUM, THE PLAZA · SUITE 801, 5355 TOWN CENTER ROAD, BOCA RATON, FLORIDA 33486

provided, as is evidenced by correspondence attached hereto as Composite Exhibit "B".

4. Counsel for Defendants has told counsel for Plaintiffs which Mediator they want, but without having dates, it is impossible to formally agree upon any Mediator or set a Mediation Conference.

5. As of this time, Plaintiffs have not been provided with dates and times that Defendants are available for a Mediation Conference.

WHEREFORE, Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster, pray this Honorable Court grant their Motion to Compel Defendants to provide Plaintiffs with dates and times that they are available for a Mediation Conference so that Plaintiffs may coordinate a Mediation Conference as ordered by this Honorable Court, and/or order such other or further relief as this Honorable Court deems just and proper.

I HEREBY CERTIFY a copy of the foregoing has been forwarded via facsimile and first class mail to Elaine Johnson James, Esquire, Nason, Yeager, Gerson, White & Lioce, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Fl 33401 this 6 day of November, 2000.

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.
Attorneys for Plaintiffs
5355 Town Center Road #801
Boca Raton, Florida 33486
Tel: (561) 395-5511
Fax: (561) 368-9274

by: _____
KEITH A. GOLDBAUM, ESQUIRE
FBN 0475637

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023-CIV-HURLEY

R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER,
    Plaintiffs,

vs.

ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD., and
ALLIANCE COMMERCIAL MANAGEMENT,
    Defendants.
_____/



FILED by _____ D.C.
AUG 8 2000
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the court upon receipt of the parties' joint scheduling report. It is thereupon,

ORDERED and ADJUDGED:

### Trial Date & Location

1. This case is set for trial on the **May 2001 calendar** commencing on **Monday, May 7, 2001.** Counsel for all parties shall appear at a calendar call commencing at 1:30 p.m. on **Friday, April 27, 2001.** Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in courtroom 5 at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida.



EXHIBIT A



## Motion Practice

2. Every motion filed in this case shall be accompanied by **one proposed original order** granting the motion. The order shall contain an **up-to-date service list** of all attorneys in the case. In light of the court's "fax-back" program, additional copies of the proposed order and self-addressed stamped envelopes should not be provided.

## Pretrial Discovery Schedule

3. Pretrial discovery shall be conducted in accord with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. The court has considered but, at present, declines to adopt the parties' suggested discovery schedule. If, after reviewing the following schedule, the parties conclude their proposal is preferable, they may resubmit a proposed discovery schedule in the form of a **proposed agreed order**. Once entered it shall supersede the generic schedule outlined below. Note: any substitute schedule **must** include the time frame set forth below for the submission of summary judgment motions (not later than ninety (90) days prior to commencement of trial calendar).

| | |
|---|---|
| Rule 14, 19 Motions | -- 180 days before trial calendar |
| Discovery Cutoff | -- 90 days before trial calendar |
| Substantive Pretrial Motions | -- 90 days before trial calendar |
| Mediation Cutoff | -- 60 days before trial calendar |
| Rule 15(a), (d) Motions | -- 60 days before trial calendar |
| Mandatory Pretrial Stipulation | -- 5 days before calendar call (note Local Rule 16.1.E) |
| Pretrial Conference | -- as directed by the court |
| Voir Dire Questions | -- First day of jury trial |

2

| | |
|---|---|
| <u>Jury Instructions</u> | -- 5 days before calendar call |
| <u>Proposed Findings & Conclusions</u> | -- 5 days before calendar call |
| <u>Motions in Limine</u> | -- First day of trial |
| <u>Exhibit List for Court</u> (Two Copies) | -- First day of trial (impeachment excepted) |
| <u>Witness List for Court</u> (Two Copies) | -- First day of trial (impeachment excepted) |

**Consent Jurisdiction**

4. In light of the benefits offered by a trial before a magistrate judge, e.g. trial on a date certain as opposed to placement on a month-long calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is **ordered** to meet with his/her client and discuss this option. At the end of the twenty-day period, each party shall file a separate pleading indicating: (1) that they have met and discussed magistrate jurisdiction and (2) unequivocally setting forth their position (yes or no) on magistrate consent jurisdiction. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall send a note to the court, with a copy to defense counsel, alerting the court to this issue. It is the receipt of this note that will cause the court to meet with the magistrate judge and obtain a new trial date for the parties.

**Mediation**

5. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

3

a. The mediation shall be completed sixty (60) days prior to the scheduled trial calendar.

b. The parties shall, within ninety (90) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

c. Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

d. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

## Discovery Referred to Magistrate Judge

6. In accordance with the Magistrate Act, 28 U.S.C. § 636(b)(1)(A), and Federal Rule of Civil Procedure 72, all pretrial discovery motions which may be filed in this case and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations are **REFERRED** to United States Magistrate Judge Frank J Lynch for final disposition. Counsel shall send a copy of any discovery motion or responsive pleading directly to the Magistrate Judge at the same time that pleading is filed with the Court. Counsel shall caption the Magistrate Judge's name below the case number.

7. This referral shall expire at the end of the discovery period established in the pretrial schedule above. Upon expiration, all matters pending before the United States Magistrate Judge shall remain before the Magistrate Judge for resolution, and all new matters shall be filed for consideration by the undersigned.

4

## Telephonic Conferencing

8. When practical, counsel are urged to utilize telephonic conferencing for any pretrial appearances *including calendar call*. Counsel wishing to appear in this manner for any proceeding must notify the Courtroom Deputy at 561/803-3452 at least 24 hours prior to the proceeding. Counsel wishing to appear for the calendar call by telephone must so notify the Courtroom Deputy by noon of the Wednesday preceding the date of the calendar call.

**DATED** and **SIGNED** in Chambers at West Palm Beach, Florida, this ____ day of August, 2000.

**copy furnished:**
Magistrate Judge Frank J. Lynch, Jr.
Keith A. Goldbaum, Esq.
Elaine Johnson James, Esq.

Daniel T. K. Hurley
United States District Judge

5

# FRIEDMAN, ROSENWASSER & GOLDBAUM
A PROFESSIONAL ASSOCIATION
ATTORNEYS AND COUNSELORS AT LAW
THE PLAZA • SUITE 801
5355 TOWN CENTER ROAD
BOCA RATON, FLORIDA 33486

TELEPHONE (561) 395-5511                                        TELEFAX (561) 368-9274

**Via Facsimile (561) 686-5442**
**and First Class Mail**

September 12, 2000

Elaine Johnson James, Esquire
Nason, Yeager, Gerson, et al
1645 Palm Beach Lakes Blvd. #1200
West Palm Beach, Fl 33401-2218

   RE:   Shooster vs. Robert Yari, et al

Dear Ms. James:

   As you know, pursuant to the Court's Order dated on or about August 7, 2000, we are required to schedule Mediation on the aforedescribed matter at this time. Pursuant thereto, we respectfully request that you promptly advise us of three or four dates within the next thirty (30) days wherein you or your clients (that have actual authority to settle the aforedescribed case in full) are available to conduct Mediation here in South Florida. We shall then attempt to coordinate one of those dates with our schedule, that of our client and that of an appropriate Mediator.

   Additionally, please advise as to whether you have any particular preference with regard to Mediators. From our prospective, we respectfully suggest that Charles Tetunic, Judge McCauley or Judge Scott at Mediation, Inc. in Fort Lauderdale would all be appropriate to mediate this matter. Please advise us as to whether you have any objection to same.

   Thank you very much for your attention to this matter. As always, should you have any questions, please do not hesitate to contact us.

                              Sincerely,

                              FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.


                              KEITH A. GOLDBAUM

KAG/ds

cc:   R/S Associates

c:\wpdocs\clients\Shooster\James.x21
9-12-2000\kag5ds

EXHIBIT B

---

• FRANCHISE AND DISTRIBUTION • CORPORATE AND FINANCE • LICENSING, PARTNERSHIPS AND JOINT VENTURES
• COMPUTERS/SOFTWARE • REAL ESTATE • TRADEMARKS AND INTELLECTUAL PROPERTY • LITIGATION

# FRIEDMAN, ROSENWASSER & GOLDBAUM
A PROFESSIONAL ASSOCIATION
ATTORNEYS AND COUNSELORS AT LAW
THE PLAZA • SUITE 801
5355 TOWN CENTER ROAD
BOCA RATON, FLORIDA 33486

TELEPHONE (561) 395 5511                                      TELEFAX (561) 368-9274

**Via Facsimile (561) 686-5442**
**and First Class Mail**

September 24, 2000

Elaine Johnson James, Esquire
Nason, Yeager, Gerson, et al
1645 Palm Beach Lakes Blvd. #1200
West Palm Beach, Fl 33401-2218

**RE: Shooster vs. Robert Yari, et al**

Dear Ms. James:

We are in receipt of your letter dated September 21, 2000 wherein you recommend either Judge Scott or Gerald Mager for Mediation. We have no objection to either of these people for Mediation. Further, we have no objection to taking Mr. Shooster's deposition one day and Mediation the next.

Pursuant thereto, please get back to us as soon as possible, and provide us with three or four dates within the next short period of time when you and your client are available for Mediation so that we can schedule Mediation and the deposition of our client.

Thank you very much for your attention to this matter. As always, should you have any questions, please do not hesitate to contact us.

Sincerely,

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.

KEITH A. GOLDBAUM

KAG/ds
cc: R/S Associates
    (w/ enclosure)

c:\wpdocs\clients\Shooster
James.x22\9-24-2000\kag5ds

---

• FRANCHISE AND DISTRIBUTION • CORPORATE AND FINANCE • LICENSING, PARTNERSHIPS AND JOINT VENTURES
• COMPUTERS/SOFTWARE • REAL ESTATE •

# FRIEDMAN, ROSENWASSER & GOLDBAUM

A PROFESSIONAL ASSOCIATION
ATTORNEYS AND COUNSELORS AT LAW
THE PLAZA • SUITE 801
5355 TOWN CENTER ROAD
BOCA RATON, FLORIDA 33486

TELEPHONE (561) 395 5511                                                                                                TELEFAX (561) 368-9274

Via Facsimile (561) 686.5442
and First Class Mail
                                November 3, 2000


Elaine Johnson James, Esquire
Nason, Yeager, Gerson, et al
1645 Palm Beach Lakes Blvd. #1200
West Palm Beach, Fl 33401-2218 .

    **RE: Shooster vs. Robert Yari, et al**

Dear Ms. James:

    Further to our letter to you dated September 24, 2000, a copy of which is enclosed, we have not heard back from you with regard to your available dates for Mediation. As you know, pursuant to the Order Setting Trial, the deadline to advise the Clerk's office of the Mediator is Monday, November 6, 2000.

    Pursuant thereto, it is urgent that you advise us <u>immediately</u> of dates that you will be available for Mediation.

    Thank you very much for your attention to this matter. As always, should you have any questions, please do not hesitate to contact us.

                                          Sincerely,

                                          FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.

                                          KEITH A. GOLDBAUM

KAG/ds
enclosures

cc:  R/S Associates
      (w/o enclosure)

c:\wpdocs\clients\Shooster
James.24\11-3-2000\kag5ds

---

• FRANCHISE AND DISTRIBUTION • CORPORATE AND FINANCE • LICENSING. PARTNERSHIPS AND JOINT VENTURES