**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-6023 CIV HURLEY**

**R/S ASSOCIATES, a Florida
Limited Partnership and
DAN SHOOSTER**

**Plaintiff**

**vs.**

**ROBERT YARI and FORUM
ARLINGTON PROPERTIES, LTD. AND
ALLIANCE COMMERCIAL MANAGEMENT,**

**Defendants**
_______________________________/

**MOTION FOR CONSENT
FINAL JUDGMENT**

COME NOW the Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster (hereinafter "Plaintiffs"), by and through their undersigned counsel, and for their Motion for Consent Final Judgment, would state as follows:

1. On or about June 1, 2001, the parties hereto entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit 1.

2. Said Settlement Agreement provides, among other things, that:

> **"Within twenty-one (21) days of execution of this Agreement, Defendants shall pay Plaintiffs the sum of Fifty Thousand Dollars ($50,000.00)..."**

> **"If Defendants fail timely to make either of the payments set forth above, then a penalty equal to twenty (20%) of the overdue amount shall be added to the amount due. In addition, ten (10) days after the date said payment was due, Plaintiff shall be entitled to submit an affidavit of non-payment and request the Court to enter the Consent Final Judgment, which is attached hereto as Exhibit A".** (see section 2 of the attached Exhibit 1).

c:wpdocs\clients\Shooser
Mconsent.FJ\8-15-2001\kag5ds

3. Defendants did **not** pay said Fifty Thousand Dollars to Plaintiff within twenty-one (21) days of the execution of the Exhibit 1 Agreement, as required. Ultimately, Defendants did pay said Fifty Thousand Dollars ($50,000.00) to Plaintiffs.

4. However, pursuant to the Exhibit 1 Agreement, Plaintiffs are entitled to recover an additional twenty percent (20%) of Fifty Thousand Dollars (i.e., Ten Thousand Dollars ($10,000.00)).

5. Additionally, pursuant to the Exhibit 1 Agreement, Plaintiffs are entitled to recover their reasonable attorney's fees as a result of having to bring this Motion and take other action to try to obtain the Fifty Thousand Dollars from Defendants pursuant to the Exhibit 1 Agreement, which attorney's fees should be compensated by Defendant pursuant to section 13 of the Exhibit 1 Agreement which provides:

> **"If any legal action or other proceeding is brought for the interpretation or enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees, costs and all reasonable expenses incurred in so enforcing or defending itself, including all attorney's fees and costs incident to appeals, in addition to any other relief to which such party may be entitled".**

6. Attached hereto as Exhibit 2 is an Affidavit of Daniel H. Shooster, the Plaintiff, testifying to the fact that the Fifty Thousand Dollar ($50,000.00) payment required to be made by Defendant to Plaintiff was not made on a timely basis.

WHEREFORE, Plaintiff prays that this Honorable Court grant its Motion for Consent Final Judgment and enter the Consent Final Judgment and Permanent Injunction, a copy of which is attached hereto and/or order such other or further relief as this Honorable Court deems just and proper.

I HEREBY CERTIFY a copy of the foregoing has been forwarded via first class mail to Elaine Johnson James, Esquire, Nason, Yeager, Gerson, et al, 1645 Palm Beach Lakes

Blvd. #1200, West Palm Beach, Fl 33401-2218 this 20 day of August 2001.

FRIEDMAN, ROSENWASSER & GOLDBAUM, P.A.
Attorneys for Plaintiffs
5355 Town Center Rd. #801
Boca Raton, Fl 33486
Tel: (561) 395-5511
Fax: (561) 368-9274

by: Keith A. Goldbaum
KEITH A. GOLDBAUM, ESQUIRE
FBN 0475637

**SETTLEMENT AGREEMENT**

**BETWEEN R/S ASSOCIATES, A FLORIDA LIMITED PARTNERSHIP, DAN SHOOSTER, ROBERT YARI AND FORUM ARLINGTON PROPERTIES. LTD.**

This Settlement Agreement (the "Agreement") is made and entered into as of the date of the last signature set forth below by and between RIS Associates, a Florida Limited Partnership and Dan Shooster (hereinafter collectively "Plaintiffs") and Robert Yari and Forum Arlington Properties, Ltd. (hereinafter collectively "Defendants").

**WITNESSETH:**

**WHEREAS,** Plaintiffs filed an action in the United States District Court for the Southern District of Florida against Defendants, Case No. 00-6023 CIV HURLEY ("the Lawsuit") alleging a variety of causes of action arising from Defendants' alleged infringement of Plaintiffs' registered trademarks: Festival Marketplace Mall 3101; Festival Marketplace Mali/Logo" #3102; Winners! Arcade/Design #3103; Winners! Arcade/Design #3121; Festival Marketplace #3104; Festival Marketplace #3105; Shopaholic #3112; Festiventures #3120; Festiventures #3112; Fesitvalue #3111; Festivalue #3119; Fleabytes #3110; Fleabytes #3118; Flea Market Mall #3117; Flea Market Mall #3108; Festival Flea Market/Design #3107; Festival Flea Market/Design #3115; Flea T.V. #3106; Flea T.V. #3114; Festival Marketplace/Design #3123; and/or International Festival Center trademark ("The Plaintiffs' Marks"); and

WHEREAS, the parties have amicably resolved their dispute to each of their satisfaction.

NOW THEREFORE, in consideration in the foregoing premises and the mutual covenants contained herein, the parties hereby confirm their agreement as follows:

1. Cessation of Present Infringing Use: Consent Judgment. Defendants, its officers, agents, servants, employees, successors and assigns, and those persons in active concert or participation with Defendants, acknowledge Plaintiffs' rights in the Plaintiffs' Marks in the

**EXHIBIT** 1

United States and have ceased and have agreed to be permanently enjoined from infringing and/or counterfeiting said trademark rights. Further, Defendants agree that, if they default on their obligations under this Agreement, Plaintiffs may cause the Court to enter the Consent to Final Judgment and Permanent Injunction, which is attached hereto as Exhibit "A." By entering into this Settlement Agreement, Defendants are not admitting liability as to any claims asserted by Plaintiffs. Rather, Defendants are settling for purposes of economic certainty and conservation of legal expenses.

2. Payment to Plaintiffs. Within twenty-one (21) days of execution of this Agreement, Defendants shall pay Plaintiffs the sum of Fifty Thousand Dollars ($50,000.00). Thereafter; Defendants shall pay Plaintiffs the sum of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) within one (1) year of the effective date of this Agreement. Thus, the total paid by Defendants to Plaintiffs hereunder shall be Eighty-Two Thousand Five Hundred Dollars ($82,500.00).

If Defendants fail timely to make either of the payments set forth above, then a penalty equal to twenty (20%) of the overdue amount shall be added to the amount due. In addition, ten (10) days after the date said payment was due, Plaintiffs shall be entitled to submit an affidavit of non-payment and request the Court to enter the Consent Final Judgment, which is attached hereto as Exhibit A.

Unless otherwise designated in writing by Plaintiffs, all payments shall be made as follows:

By check payable to: RIS Associates, Inc.<br>
Att: Dan Shooster

2900 West Sample Road
Pompano Beach, Florida 33073

3. Release. The parties hereby release each other from all claims and/or causes of action brought, or which could have been brought, in the Lawsuit arising from Defendants' past use of Plaintiffs' Marks.

4. Dismissal. Each party shall execute a General Release in favor of the opposing parties within ten (10) days of the effective date hereof. The Plaintiffs' causes of action against the Defendants shall be dismissed with prejudice, subject to the terms and conditions of this Agreement.

5. Entire Agreement. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous arrangements or understandings with respect thereto.

6. Amendments. The provisions of this Agreement may not be amended, supplemented, or modified orally, but maybe amended only by a writing signed by the party or the respective attorney for the party against whom enforcement of any such amendment, supplement or modification is sought.

7. Further Assurances. Each party shall reasonably sign such additional documents and take such reasonable additional action as may be necessary to effectuate this Agreement.

8. Headings. The headings used in this Agreement are for convenience only and shall not control or affect the meaning or construction of any provision of this Agreement.

9. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.



10. Interpretation: Each party acknowledges that this Agreement has been reviewed and approved by its respective counsel. Accordingly, authorship or draftsmanship of this Agreement shall not be relied upon in its interpretation or in resolving any claim of ambiguity.

11. Counterparts: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12. Illegality. If any one or more of the provisions contained in this Agreement shall be determined to be invalid, illegal, or unenforceable in any respect for any reason, the validity, legality, and enforceability of any such provision in any other respect and the remaining provisions of this Agreement shall not be in anyway impaired.

13. Attorneys' Fees and Costs. If any legal action or other proceeding is brought for the interpretation or enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees, costs and all reasonable expenses incurred in so enforcing or defending itself, including all attorneys' fees and costs incident to appeals, in addition to any other relief to which such party may be entitled.

14. Waiver. The waiver by any party of the violation or breach of any provision hereof by any other party shall not constitute a waiver of any prior or subsequent violation or breach of any provision of this Agreement.

15. Representations. All representations set forth in the Recitals to this Agreement are hereby acknowledged by each party to be true and correct.

16. Binding Effect. All of the terms and provisions of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the parties and their respective heirs,



representatives, successors and permitted assigns. This Agreement shall further be binding upon any employee, officer, director, shareholder, agent, or representative of a party.

17. Attorney's Fees and Costs. Each party to this Agreement covenants not to sue any other party to this Agreement in order to recover any portion of the attorney's fees, costs or other expenses associated with the Lawsuit.

18. Effective Date. The effective date of this Agreement is April 27, 2001.

**AGREED TO AND ACCEPTED BY:**

**RIS ASSOCIATES, a Florida** Limited Partnership

By: ______

Title: C.O.O.

Date: 6-1-01

DAN SHOOSTER

Date: 6-1-01



**FORUM ARLINGTON PROPERTIES, LTD.**

By: _

Title: _ Pres. of Corp

Date: _ 5-25-01

BOB YARI

Date: _

5-25-01

H:\6074\13057\DSettlementAgreementYari.EJJ/1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6023 CIV HURLEY

RIS ASSOCIATES, a Florida Limited Partnership and DAN SHOOSTER,

Plaintiffs,

vs.

ROBERT YARI and FORUM ARLINGTON PROPERTIES, LTD. AND ALLIANCE COMMERCIAL MANAGEMENT,

Defendants.

_______________________________________/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs, R/S Associates, a Florida Limited Partnership and Dan Shooster (collectively "Plaintiffs") and Defendants, Robert Yari and Forum Arlington Properties, Ltd., (collectively "Defendants"), stipulate and consent to the following:

WHEREAS, Defendants adopted and began using trademarks in the United States which allegedly infringe Plaintiffs' registered trademarks: Festival Marketplace Mall 3101; Festival Marketplace Mall/Logo" #3102; Winners! Arcade/Design #3103; Winners! Arcade/Design #3121; Festival Marketplace #3104; Festival Marketplace #3105; Shopaholic #3112; Festiventures #3120; Festiventures #3112; Fesitvalue #3111; Festivalue #3119; Fleabytes #3110; Fleabytes #3118; Flea Market Mall #3117; Flea Market Mall #3108; Festival Flea Market/Design #3107; Festival Flea Market/Design #3115; Flea T.V. #3106; Flea T.V. #3114; Festival Marketplace/Design #3123; and/or International Festival Center trademark ("The Plaintiffs' Marks");

- EXHIBIT A -

WHEREAS, it is alleged that Defendants' use of names and marks which incorporate one or more of the Plaintiffs' Marks might cause confusion as to source or origin; and

WHEREAS, based upon Plaintiffs' good faith prior use of the Plaintiffs' Marks, Plaintiffs have superior and exclusive rights in and to the Plaintiffs' Marks in the United States and any confusingly similar names or marks;

WHEREAS, Defendants do not admit liability or wrongdoing as to Plaintiffs' claims, but have settled this matter for reasons of judicial economy.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. That Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith are hereby permanently enjoined, from utilizing any of Plaintiffs' Marks; from infringing, counterfeiting, or unlawfully diluting the Plaintiffs' Marks; from using the Plaintiffs' Marks, or any marks similar thereto, in connection with any shopping centers or malls; from unlawfully using any logo, trade name or trademark which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in anyway associated with Plaintiffs, provided however, that Defendants may use the present "Festival Marketplace" sign, located at the entrance of the Festival Discount Mall in Arlington, Texas, without the Plaintiffs' claiming that its use infringes on Plaintiff's rights.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. This cause between Plaintiffs and Defendants is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties. This Consent Judgment shall be conclusive for purposes of collateral estoppel.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. Defendants shall pay Plaintiffs $________, which is the amount set forth in Plaintiffs' Affidavit of Nonpayment dated ____________, within ten (10) days of the date hereof. The failure to make this payment in accordance with the Court's final judgment shall be deemed a contempt of court.

6. This court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties.

DONE AND ORDERED in Chambers in West Palm Beach, Palm Beach County, Florida this _____ day of ____________________, 2001.

______________________________
U.S. DISTRICT COURT JUDGE

Copies Furnished To:

Keith A. Goldbaum, Esquire
Friedman, Rosenwasser & Goldbaum, P.A.
5355 Town Center Rd. #801
Boca Raton, FL 33486

Elaine Johnson James, Esquire
Nason, Yeager, Gerson, White & Lioce, P.A.
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL 33401

H:\6074\13057\PConsentFinalJudgment-Injunction.EJJ/l

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-6023 CIV Hurley**

**R/S ASSOCIATES, a Florida limited partnership and Dan Shooster,**

**Plaintiff**

**vs**

**BOB YARI, FORUM ARLINGTON PROPERTIES, LTD., and ALLIANCE MANAGEMENT CO., LLC.**

**Defendants.**

_______________________________/

**AFFIDAVIT OF DANIEL H. SHOOSTER**

COUNTY OF Broward
STATE OF FLORIDA

BEFORE ME, the undersigned authority, personally appeared DAN SHOOSTER who being first duly sworn upon oath, deposes and says:

1. That he is over the age of majority, of sound mind and body and has actual knowledge as to all the matters testified to herein.

2. That none of the Plaintiffs in the aforedescribed case received the sum of Fifty Thousand Dollars ($50,000.00) from the Defendants within twenty-one (21) days of the execution of the Settlement Agreement.

3 That the Plaintiffs have ultimately now received the sum of Fifty Thousand Dollars ($50,000.00) but have not received any other funds from Defendants pursuant to the June 1, 2001 Settlement Agreement.

AFFIANT FURTHER SAYETH NAUGHT.

R/S Associates of Florida

_______________________________
Daniel H. Shooster, authorized agent

c:wpdocs\clients\Shooster
Affidavit DS3\8-16-2001\kag5ds

EXHIBIT 2

Daniel H. Shooster

COUNTY OF Broward

STATE OF FLORIDA

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, DANIEL H. SHOOSTER, authorized agent of R/S ASSOCIATES of Florida, who is personally known to me or who has produced a ______________________ as identification, who acknowledged that he did sign and seal the foregoing instrument for, and on behalf of said Corporation, being thereunto duly authorized by its Board of Directors and that same is his free act and deed as such officer and the free act and deed of said Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 17th day of August, 2001.

Janice M Schrul
My Commission CC861729
Expires September 18, 2003

NOTARY PUBLIC

My Commission Expires: September 18, 2003

COUNTY OF Broward

STATE OF FLORIDA

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, DANIEL H. SHOOSTER, who is personally known to me or who has produced a ____________________ as identification, who acknowledged that he did sign and seal the foregoing instrument and that same is his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 17th day of August, 2001.

Janice M Schrul
My Commission CC861729
Expires September 18, 2003

NOTARY PUBLIC

My Commission Expires: September 18, 2003

c.wpdocs\clients\Shooster
Affidavit.DS3\8-16-2001\kag5ds